Ex parte KARL JACK and CALVIN JACK, Petitioners, v. KARL F. JACK and JOHN W. CALHOUN, Judge.

In Banc, July 20, 1922.

1. **HABEAS CORPUS: Facts Considered.** Upon an application for a writ of *habeas corpus* and a return thereto, disputed facts cannot be considered, but facts admitted or not disputed may be.

Ex parte Jack v. Jack.

2. ———: **Decree of Divorce: Custody of Children: Judge as Respondent: Transfer to Another Division.** A suit for divorce had been tried and judgment rendered in one division of the circuit court, and although the judge who tried the case was thereafter transferred to another division he is made a respondent in this proceeding for a writ of *habeas corpus* brought by the minor children who were awarded by the division in which the divorce suit was tried to the custody of the mother. *Held*, that upon his transfer, the said circuit judge lost all connection with the divorce suit and the petitioners, and should be dismissed from the proceeding, with his costs.

3. ———: ———: **Custody of Children: Subsequent Modification of Order: Amicus Curiae: No Parties or Notice.** Where a judgment granting a wife a divorce had been rendered, and a subsequent order made awarding the custody of minor children (the petitioners) to their mother, a subsequent order awarding them to the father, made on the pretended motion of an *amicus curiae*, in which neither the father nor mother joined and of which neither had notice, was void, and the mother's right to their custody was in no wise affected thereby.

4. ———: ———: ———: ———: **No Notice: Due Process.** The rights of a party, who has obtained a decree of a court of competent jurisdiction, cannot be disturbed without notice and a hearing. Where after a judgment granting a mother a divorce and a decree awarding her the custody of her minor children had been rendered, an annullment of said decree and the entrance of one awarding them to their father, without notice to either, upon a supposed motion filed by a friend of the·court, to which neither she nor her former husband was a party, was the denial of the due process guaranteed by the fundamental law; and being void, it is held on *habeas corpus*, upon an application by the children as petitioners, sponsored by the mother, that the children be discharged from the custody of the father, and remanded to the custody of the mother.

## *Habeas Corpus.*

WRIT AWARDED.

*Robert A. Thomann* for petitioners.

*Holland, Rutledge & Lashly* for respondents.

295 Mo.—9

GRAVES, J.—Upon proper application our writ of *habeas corpus* was issued and directed to Karl F. Jack (an individual) and Judge J. W. Calhoun of the Circuit Court of the City of St. Louis. At one time Judge Calhoun had been judge of Division No. 2 of said circuit court, but at the issuance of our writ he was not judge of said division, but of another division of said court. Prior to the time that Judge Calhoun was assigned to Division No. 2 of the St. Louis Circuit Court, there had been pending and tried and determined the divorce case of Blanche A. Jack v. Karl F. Jack. By a judgment, the plaintiff was granted a decree of divorce, the custody of the children (including the two petitioners for our writ), and certain allowances for alimony and support of the children. The case now before us is submitted upon the pleadings. From them it appears that by agreement or otherwise there were several modifications of the original decree, but we are concerned with only two of them. The last was made by Judge Calhoun. Both Judge Calhoun and Karl F. Jack have filed returns, and some of the facts therein stated are denied by replies. Both Judge Calhoun and Jack have demurred to the replies to their returns, and the cause is submitted upon the pleadings. Of course disputed facts cannot be considered in the disposition of this proceeding. Things that are admitted or not disputed can be considered, and upon those matters the issues must be determined. Further facts will be noted in the course of the opinion, as the points made require.

I. Judge Calhoun asks to be dismissed from the proceeding on the ground that he is no longer presiding in Division No. 2 of the Circuit Court of St. Louis, and was not so presiding at the time of the issuance of our writ. The point made is, that as he has no connection with that division of the circuit court, he has no power over the case of Jack v. Jack, or the children therein involved. There is no

Transfer of Judge.

denial of this status in the replies to the returns. It therefore stands admitted that Judge Calhoun has no present control over the case of Jack v. Jack or of the children involved by the several decrees (modified and otherwise) in that case. He had no physical custody of the children as appears from the pleadings. His only connection was in the making of a modification of the preceding decree, which may become material as to respondent Jack, but not as to Judge Calhoun. When Judge Calhoun was transferred from Division No. 2, he lost all connection with the case of Jack v. Jack, and the children involved in that cause. No claim is made that he is otherwise connected. Upon the admitted facts, Judge Calhoun should be dismissed from this proceeding with his costs, and it is so ordered.

II.   Going to respondent Karl F. Jack, the defendant in the divorce proceeding, and the father of the two children (Karl Jack and Calvin Jack) involved in the present proceeding, a further statement of conceded facts should be made. The petition for our writ is not only sponsored by Karl Jack and Calvin Jack, but by their mother, Blanche Crenshaw, formerly Blanche Jack. January 25, 1918, Blanche Jack procured a decree of divorce from Karl F. Jack, with the custody of her children and alimony as aforesaid. Judge Grimm then presided in Division No. 2 of the circuit court. Jack paid alimony but a short time, and disappeared. Later he served overseas in the World War. Upon his return he had the decree modified, and he was given custody of the two children here involved. There are allegations as to certain agreements under which the modification was made, but they are immaterial here. Judge Falkenhainer was then judge of Division No. 2 of said court, and this proceeding was on July 14, 1919.

January 13, 1920, the wife, plaintiff in the divorce proceeding, moved to modify the decree, which motion was heard on January 24, 1920 (both parties appearing), and on January 28, 1920, the decree was modified

so as to again give the mother the custody of the children, including the two in this suit. The validity of this decree or modification of the last previous decree is not questioned. This decree was entered by Judge Calhoun whilst presiding over Division No. 2. A later decree or modification, by the same judge, is questioned.

On March 24, 1920, there was filed in said case (Jack v. Jack) a purported motion to again modify the decree so as to give the custody of the children (here involved) to Karl F. Jack, the father. This motion was not sponsored by either the plaintiff or defendant in the divorce case. It came from one Clarence F. Wescoat, who signs himself as *"amicus curiae."* He averred that the mother had sent the children to a sister of the father with the written statement that she could no longer care for them, and requesting that they be sent to the father. The reply in this present case substantially denies the facts of this motion, and here we are treading upon disputed facts as they are stated in the pleadings. This is not material in view of the further undisputed facts. It is clear that neither party to the suit made this motion. In divorce proceedings the statute contemplates that a party to the suit shall be the mover for the modification of the decree then existing. [Sec. 1806, R. S. 1919.] Such was not the case here. Wescoat did not pretend to represent either party. Further the statutes (Secs. 1216 to 1218, R. S. 1919) contemplate notice to the parties. No notice is claimed in this case. It must be kept in mind that no steps were taken as to the disposition of these two children, except through the medium of the divorce case. Nothing further is claimed. Without notice to either plaintiff or defendant in the divorce case, the trial court (then Judge Calhoun) sustained the motion of Wescoat, and gave the custody of the two children here involved to the father (defendant in the divorce case), and under this decree he admits that he had possession of the children when our writ issued. Since that time, and under our order, they

have been in the possession of Mary Gunn, a probation officer. But these last facts are not very material in our view of the undisputed facts.

Wescoat did not represent the mother, who by existing unchallenged decree was entitled to the two children. The mother was not notified that such motion was filed or would be heard. Her rights were fixed by the previous decree, and such decree could not be modified or changed without notice to her. The rights of the two children were likewise fixed by such decree. They were not in court, nor was the mother there. Without the presence of the mother, and without notice to her, the court entered a new decree. Such action violated due process of law, as guaranteed by the fundamental law. Citation of authority upon a question so plain will add nothing. The rights of a party cannot be disturbed without notice and a legal hearing. The judgment under which the father claims these children is void. Under the previous judgment the mother was entitled to their custody, and they have since been unlawfully held and restrained by the father. Under the admitted facts, it follows that the said Karl Jack and Calvin Jack should be discharged from the custody of Karl F. Jack the father, and from the custody of Mary Gunn, whom this court made temporary custodian, and be remanded to the custody of their mother, now Blanche A. Crenshaw.

It is so ordered. *James T. Blair, C. J.,* and *Woodson, David E. Blair* and *Elder, JJ.,* concur.