THOMAS E. HAYES, RESPONDENT, v. LOIS V. HAYES, APPELLANT.—247 SW (2) 551.

Springfield Court of Appeals. Opinion filed April 2, 1952.

*Rogers & Rogers* and *Smith & Williams*, Attorneys for Appellant.

*Walker & Daniel,* Attorneys for Respondent.

BLAIR, J.—This appeal is from an order of the Circuit Court of Greene County, Missouri, on a motion filed by appellant for modification of the decree in a divorce case tried by the same trial judge.

A decree of divorce was granted to respondent by Judge Warren L. White on May 19, 1949, with certain provisions as to care and custody of two minor children, and this proceeding was for the modification of the decree in the divorce case or a previous modification thereof. This case does not involve any question as to the validity of the decree of divorce itself.

To avoid confusion, we will hereafter refer to the parties as they were designated in the trial court.

On July 20, 1951, the trial court overruled defendant's motion for a new trial and she was granted an appeal to this Court.

On May 7, 1951, defendant filed an application for change of venue from Judge White, as follows:

"1. Defendant states that on or about the 20th day of March, 1951, she filed a motion in the Circuit Court of Greene County, Missouri, Division Two thereof, the Honorable Warren L. White, Judge, the general nature and object of said motion being to modify a decree of divorce in favor of plaintiff and against defendant.

"2. Defendant further states that she has just cause to believe, and does believe, that she cannot have a fair and impartial trial of said cause before the said Judge Warren L. White for the reason that said Judge is prejudiced against defendant and that the other party has an undue influence over the mind of said Judge.

"3. Defendant states that she became possessed of her knowledge and information of the existence of the causes herein alleged as grounds for change of venue since filing her motion to modify decree and more specifically on the first day of May, 1951.

"4. Defendant further states that she has given notice of this Petition for Change of Venue to Wayne Walker, attorney for plaintiff, the same having been served on the 7th day of May, 1951.

"WHEREFORE, defendant prays that she be granted a change of venue in accordance with the statutes in such case made provided.

"SMITH AND WILLIAMS
By    /S/    Leland C. Russell

Attorneys for Defendant.

"STATE OF MISSOURI  }
                                            } ss
COUNTY OF GREENE  }

"Now on this 5th day of May, 1951, before me personally appeared Lois V. Young (formerly Lois V. Hayes, and since remarried to Thomas D. Young) and first being duly sworn upon her oath states that the facts set forth in the above petition are true, and that defendant has just cause to believe that she cannot have a fair trial under said Judge on account of the causes alleged."

On May 14, 1951, Judge White overruled defendant's motion for change of venue. Defendant objected to such ruling and saved her exception thereto. As the trial court's ruling on that application for change of venue is one of the errors alleged to have been committed by the trial court, we will first consider that question.

In his brief plaintiff denied the bias and prejudice of Judge White, and said:

"That this is an action wherein defendant seeks to modify an existing decree of divorce in regard to the custody of minor children; that a change of venue will not lie in such case for the reason that there is no statutory provision permitting such a change of venue; that this action is not an original suit and is a continuation and ancillary proceeding to the original suit and that a change of venue will not, therefore, lie."

We must first determine whether or not the trial court properly overruled defendant's motion for change of venue in this proceeding. If the trial court erred in that respect we will not need to consider other alleged errors.

Defendant cites Section 508.090, R. S. Mo. 1949. That section plainly authorizes a change of venue in any civil suit on any one of the four grounds named. Plaintiff contends that defendant's right to a change of venue is limited to an original suit.

In the argument before this Court for the first time, defendant called our attention to the case of State ex rel. McAllister v. Slate, Judge, 214 S. W. 85. This case was written by Judge Faris, of the Missouri Supreme Court en Banc, and is controlling in this case, if it applies to the jurisdiction of Judge White on the question of a change of venue in an ancillary proceeding. We will refer to that case as the "Slate case." That was an application for a change of venue by the State in a criminal proceeding. A careful reading of the opinion in that case reveals that trial had not begun before Judge Slate, when he refused the motion of the State for a change of venue. That case shows that a Commissioner of the Supreme Court had found and reported to the Court that bias and prejudice against the State actually existed in that case in the mind of Judge Slate.

The main question in that case was whether or not the State could take a change of venue. That case cannot control the action of the trial judge in this case, when no such application was made in the trial of the divorce case itself. We cannot regard that case as con-

victing Judge White of error in refusing to grant a change of venue, or change of judge, in a subsequent proceeding in the same case.

In her brief defendant cites State ex rel. Kansas City Public Service Company v. Waltner, 350 Mo. 1021, 169 S. W. (2d) 697, That case was decided in March, 1943, by Division Two of the Supreme Court. We have read and studied the case and do not find that it decided the right of a litigant to a change of venue, or change of judge, in a collateral proceeding; but only determined the power of the respective defendants in that case to sit in the cases originally assigned to them.

Defendant cites the case of Horning, et al. v. James et al. 269 S. W. 399. In that case Cox, P. J. of this Court, held that, after the reversal and remanding of a case, the case so sent back for another trial was like any other case originally before the trial court, and error was committed by the trial court in overruling an application for a change of venue after such reversal.

We are unable to see why defendant has cited the case of Wilton v. Wilton, 235 S. W. (2d) 418. We have examined that case carefully and it only involved the propriety of an order of the trial court in making a change in the care and custody of the children, without proof of a change in conditions from the time of the original order. No application for a change of venue was ever made in that case. It will be referred to hereafter on the issue of changed conditions.

The St. Louis Court of Appeals, in an opinion by Judge Goode in Cole v. Cole, 89 Mo. App. 228, l.c. 233, held that a change of venue was not permissible in a proceeding to modify a divorce decree previously entered. Judge Goode was there construing Section 818, R. S. Mo. 1899. We have carefully compared that section with present Section 508.090 of the Missouri Statute for 1949, and the two sections are in identical language, except for the manner of numbering the paragraphs.

Later, the Supreme Court in Division Two, in an opinion by Judge Walker, in Robinson v. Robinson, 268 Mo. 703, 186 S. W. 1032, l. c. 1034, held that an application for a change of venue in a proceeding to modify a decree in a divorce case would not lie.

It is the ruling of our State Courts, and not what the courts of other states have held, which is binding on us. The rule in other states, even though apparently sound, interests, but does not control us. See 143 American Law Reports, 414.

In the first place, there must be a change of conditions to justify a change in the order in a divorce case for the custody and care of the children, whose care and custody was provided for in the original decree. One of the cases cited by defendant so holds. Wilton v. Wilton, 235 S. W. (2d) 418, as above noted. See also Rone v. Rone, 20 S. W. (2d) 545; Abel v. Ingram, 24 S. W. (2d) 1048; 223 Mo. App. 1087, and Hess v. Hess, 113 S. W. (2d) 139, l. c. 142.

There is no testimony that such children were ill, poorly nourished or not sufficiently clothed. The oldest child was not making satisfactory progress intellectually at Round Tree School, and both children were removed therefrom by plaintiff and placed in a parochial school. The evidence shows that both children did better scholastically after they went to such parochial school.

It was contended by defendant that such children were being weaned away from her; their lack of friendliness toward defendant and her mother was quite noticeable, according to the testimony of defendant, but hardly met the standard of change of conditions.

Both plaintiff and defendant have remarried. The financial ability of plaintiff to provide for such children was seriously, and possibly successfully challenged. Plaintiff's second wife appears to have been well able financially to help him care for and clothe such children. With plaintiff's consent, she has furnished them with a good home near Springfield, and it is not shown that the children have suffered in any way therefrom.

There is evidence of a physical encounter, growing out of trouble by insistence of plaintiff's wife that the youngest child, a girl, was ill and not in a position to see defendant and her mother. There is apparently some hard feeling at least between plaintiff's present wife and defendant's mother.

There had been a former suit for divorce in which neither plaintiff nor defendant therein was permitted to have a divorce decree. At any rate, plaintiff and defendant subsequently had made a property settlement and agreed that each should have the care and custody of the children for six months' periods, with visitation privileges in the other party.

In the second divorce case, which we will refer to as the original case, plaintiff was given a decree of divorce. Defendant did not appear therein at all, exept by counsel. Plaintiff did not produce in evidence in this proceeding the previous agreement he and defendant had made as to the care and custody of the children in each party for six months' periods. Plaintiff testified that he did not offer in evidence such stipulation for the care and custody of the children, because he had become convinced that defendant was not entitled to such care and custody. If plaintiff is correct as to the conduct of defendant before her remarriage and her subsequent marriage, he was correct in his conclusions that defendant could not take the children to her home in St. Louis and keep them there for six months' periods, and that she would only turn the children over to her mother in Ava, Missouri.

The trial judge seems to have come to the conclusion that it was defendant's mother, and not defendant herself, who was insisting on a change in the order for the care and custody of the children. In the decree of divorce originally, the trial court provided, ''that the care and custody of the two minor children, born of said marriage with

Defendant, to-wit: "James Adams, age six years, and Caroll Ann, age three and one-half years, be and the same is hereby awarded to the Plaintiff; that the Defendant have the right to visit the children at reasonable times and to take the said children for daytime visits with her at reasonable times not to interrupt school and after twelve hours notice to the Plaintiff."

On July 20, 1951, Judge White made an order modifying the provision then in force, by ordering that defendant should be allowed to visit the children "at the home of the Plaintiff, Thomas E. Hayes, three hours on two days of each month and not to take the children away from Plaintiff's home, provided that she go alone and give twenty-four hours' notice of her intent to visit said children."

It is very evident to us that Judge White considered that defendant's mother was the real trouble maker in this case, when he provided that defendant should only see the children at plaintiff's home and then alone. It is apparent that he did not even want defendant's mother to see the children on the occasions provided for defendant to see them. Even if such provision showed bias and prejudice, defendant was not entitled to a change of venue in this proceeding under the Missouri cases cited.

Should conditions change and plaintiff's provision for their welfare and education cause injury to such children, defendant can always seek a modification of Judge White's provision for them.

While plaintiff was not shown to have financial means of his own for the support of such children, they are evidently getting such support from somewhere, possibly from plaintiff's new wife, and the children were not shown to have suffered on that account.

Complaint is made because defendant's motion for physical and mental examination of the children was overruled by the trial judge. We are unable to find any evidence, outside of such motion itself, that such children had suffered physically or mentally since the former decree. Defendant offered no evidence whatever that the children had suffered morally, mentally or physically by their care and custody in plaintiff.

The judgment of the trial court should be approved, and it is hereby affirmed.

It is so ordered. *Vandeventer, P. J.,* dissents in Separate Opinion; *McDowell, J.,* concurs.

## DISSENTING OPINION.

I respectfully dissent from the majority opinion in this case for the reason that I think the learned trial judge should have disqualified himself upon the filing of the so-called application for change of venue.

This litigation has had a rather hectic history. On the 16th day of April, 1949, plaintiff filed a petition for divorce, alleging, among

other things, that his wife was guilty of infidelity and was at that time living with another man, and to the petition was attached a separation agreement, wherein the property rights of the litigants were settled. On May 9, 1949, an answer was filed and on May 19, after the case had been tried and at which defendant did not appear in person, but did appear by her attorney, the court rendered a decree in favor of plaintiff, finding "that the matters alleged in plaintiff's petition herein are true in every respect; that the plaintiff is the innocent and injured party and entitled to the relief prayed for in the petition." Plaintiff was awarded the care and custody of the children with reasonable visitation rights in the defendant, and the further permission for her to take them for a short visit to her parents at Ava, Missouri.

On August 19, 1949, the defendant filed a motion to modify the decree. To this motion an answer was filed. On November 26, 1949, after a hearing on the motion, the court overruled it but on its own motion modified the decree so that the defendant "have the custody of the two minor children from 2:00 to 5:00 p. m. on two Sundays of each month with the defendant to have the right to choose the dates on three hours notice; * *." On the 19th of March, 1951, the defendant filed another motion to modify. An answer to that motion was filed and also a motion was filed for an order to compel the plaintiff to permit a physical and mental examination of the children. This later motion was on May 1, 1951, after a hearing, overruled. On May 7, 1951, a petition for change of venue, so-called, was filed. The only reasons assigned for the change, were:

"Defendant further states that she has just cause to believe, and does believe, that she cannot have a fair and impartial trial of said cause before the said Judge Warren L. White for the reason that said Judge is prejudiced against defendant and that the other party has an undue influence over the mind of said Judge."

To this application, the plaintiff filed suggestions in opposition and on May 14, 1951, after a hearing, the application was overruled. The cause then went to trial on the motion to modify, after the record showed the following:

"MR. WILLIAMS: We wish to dictate into the record that the defendant in this action, and moving party in this action, at this time is entering into hearing on this motion and by so doing does not waive, and expressly saves, the application for change of venue heretofore filed.

"THE COURT: All right."

The hearing was had on the second motion to modify and on July 20, 1951, was sustained in part, allowing the defendant to visit the minor children of the parties "at the home of the plaintiff Thomas E. Hayes three hours on two days of each month and not to take the

children away from the plaintiff's home, provided that she go alone and give 24 hours notice of her intent to visit said children; * * ."

The court's failure to sustain the so-called petition for a change of venue was complained of in the motion for new trial and was briefed and argued in this court.

In the first place, while the application was entitled, "Petition for Change of Venue" it was in fact a motion to disqualify the judge because of alleged prejudice against the defendant and because the plaintiff had an undue influence over the mind of said judge. No other grounds were alleged.

The distinction between an application for a change of venue and a motion to disqualify a judge is clearly set out in the leading case of State ex rel. McAllister, Attorney General, v. Slate, Judge, 214 S. W. 85, 278 Mo. 570. In that case, Faris, Judge, reviews the origin and history of venue and held:

"According to the universal trend of modern authority 'venue' now means 'the place of trial for an action.' 40 Cyc. 11. In the true sense in which we are here compelled to consider it, the word does not mean the judge or the court before whom an accused is put upon his deliverance, but it means the place at which he is to be tried. Hence, if that place of trial is not to be changed, or sought so to be by this, or as a result of this, proceeding, the matter is one merely of a change of the judge before whom the trial is to be had, and not a change of the place—i.e., the venue whereat he is to be brought to trial. It follows that the expression 'change of venue' is a misnomer, and all arguments against the permissibility of a change of venue to the state have nothing . to do with the case, enjoying in that behalf a condition bearing a striking similitude in all respects to that of 'the flowers that bloom in the spring.' "

Judge Faris then said that it was the duty of the judge to disqualify when an affidavit against him was made in good faith.

In State v. Myers, 322 Mo. 48, 14 S. W. (2) 447, an information was filed against Myers in Scotland County. A change of venue was taken to Adair County where the defendant filed an "application for change of venue" in which he alleged the prejudice of the judge against him and asked the case be tried by some judge who did not have such bias and prejudice. This application was supported by compurgators as required by statute. It was overruled. On appeal the Supreme Court said:

"And while applications like the one now under consideration, looking to the compulsory disqualification of a trial judge, are commonly designated as applications for a change of venue, such designation is a misnomer. State ex rel. McAllister v. Slate, 278 Mo. 570, 577, 214 S. W. 85, 8 A. L. R. 1226. This applica-

tion, therefore, cannot be regarded as an application for a second change of venue.''

The case was reversed and remanded because the judge refused to be disqualified.

Again in State ex rel. v. Waltner and State ex rel. v. Bridgeman, 169 S. W. (2) 697, 350 Mo. 1021, the Supreme Court said:

''Certain issues in each of the several proceedings are basically the same legalistically. For instance, each involves the application or applications for a change of the Judge (sometimes designated for the substitution of another Judge) of the Circuit Court of Jackson County at Independence on behalf of the litigants-defendant in the several actions nisi. Sec. 2121, R. S. 1939, Mo. R. S. A. Sec. 2121. Cf. Sec. 1058, R. S. 1939, Mo. R. S. A. Sec. 1058. (The statutory and common designation 'change of venue' or 'change of venue from the Judge', have been considered misnomers in that such applications technically do not seek a change of venue of the trial. Consult State ex rel. McAllister v. Slate (Banc) 278 Mo. 570, 576(I), 214 S. W. 85, 87(I), 8 A.L.R. 1226; State v. Mitts, Mo. Sup., 29 S. W. (2) 125(1).)''

In this case the court further said:

'' * * when a statutory application for a change of the Judge is filed said Judge 'has power only to determine whether the application is in due form and due time, and if it is, to see that the proper steps are taken to substitute another judge'—and he may not pass on his own qualifications.''

In Ex Parte Howell and Ewing, 273 Mo. 96, 200 S. W. 65, the duty of a judge in a criminal case, when an affidavit for disqualification is filed by representatives of the State, is set forth in this language:

''The remedy is simple. Upon the suggestion of prejudice being made under section 5198, the judge, prompted by that sense of delicacy and duty which renders him averse to judicial action upon an intimation of his interest in the matter at issue, will retire and call in another to try the case. Section 5201, R. S. 1909, reasonably construed, will authorize this course. Such a course would indicate a high sense of official duty, as well as a dispassionate purpose on the part of the judge to free the case from even an intimation that he could not fairly conduct it.

* * *

''As a logical conclusion flowing from this reasoning it would seem that the duty of the judge, whose right to sit was challenged, would be equally imperative, regardless of the ground of disqualification urged, if within the terms of the statute.''

See also: State v. Huett, 340 Mo. 934, 104 S. W. (2) 252.

I am not charging the learned trial judge with actual prejudice or with a desire to control this rather prolonged litigation. If he

could completely erase from his mind what he had seen and heard in the previous hearings and consider only the evidence at the last hearing, he would have been able to accomplish a feat few judges could attain. I am sure that he would rather have disqualified than heard it. His thought was that he could not lawfully do so and it was based upon two cases, which I shall presently discuss.

The authority for petitions to modify a divorce decree as to the care and custody of children emanates from what are now Sections 452.070 and 452.110 Mo. R. S. 1949, where the court is given authority to make orders regarding the care and custody of children and upon the application of either party, from time to time, to make alterations in such custody, always bearing in mind the best interests of the child. (Sec. 452.120 R. S. Mo. 1949). In the early history of the sections and of applications for modification, such motion was considered a continuation of the original case. Cole v. Cole 89 Mo. App. 228.

But the Supreme Court of Missouri, in 1936, in the case of North v. North, 339 Mo. 1226, 100 S. W. (2) 582, said this:

"A motion to modify a divorce decreee is in the nature of an independent proceeding, and the motion is treated as a petition in an original action. Hemm v. Juede, 153 Mo. App. 259, 133 S. W. 620; Tossier v. Tossier (Mo. App.) 33 S. W. (2d) 995; Steele v. Steele, 85 Mo. App. 224. Appellate procedure does not require that an exception be saved to the rendition of a judgment under a petition in an original, independent action. Since a motion to modify a divorce decree is comparable to an original, independent proceeding, and since the motion is treated as the petition in the action, no exception need be saved to the order or judgment rendered under such a motion."

In Shepard v. Shepard (Mo. App.) 194 S. W. (2) 319, the Kansas City Court of Appeals said:

"A motion to modify a divorce decree concerning alimony or custody of children is in the nature of an independent proceeding, and the motion is treated as a petition in an original action."

This court held the same in Ex Parte Lofts, and Lofts v. Lofts, et al., (Mo. App.) 222 S. W. (2) 101.

These opinions are based on sound reasoning. The motion to modify is in effect a petition. It must state a cause of action. Wilton v. Wilton (Mo. App.) 235 S. W. (2) 418. Sanders v. Sanders 223 Mo. App. 834, 14 S. W. (2) 458. Goldstein v. Goldstein 237 Mo. App. 274, 165 S. W. (2) 876. 27 C. J. S. Divorce, Sec. 317 (4).

Notice must be given to the opposing party. Morgens v. Morgens (Mo. App.) 164 S. W. (2) 626. Jack et al. v. Jack et al. 295 Mo. 128, en Banc, 243 S. W. 314. State ex rel. Shoemaker v. Hall (Mo.) en Banc, 257 Mo. 1047.

An answer is filed to it and the issues are made up. The original divorce decree is res judicata, (Goldstein v. Goldstein 165 S. W. (2)

876, 237 Mo. App. 274. Crooks v. Crooks (Mo. App.) 197 S. W. (2) 678) as are previous judgments on motions for rehearing. (Hawkins v. Thompson, (Mo. App.) 210 S. W. (2) 747).

To justify a decree of modification there must be proof of changed conditions since the former judgment or judgments. Martin v. Martin (Mo. App.) 160 S. W. (2) 457. Ex Parte Lofts (Mo. App.) 222 S. W. (2) 101. Perr v. Perr (Mo. App.) 205 S. W. (2) 909. Hensley v. Hensley (Mo. App.) 233 S. W. (2) 42.

A hearing is had in court the same as in any other law suit. A judgment is rendered and from that judgment, an appeal can be taken. The only difference between this and any law suit is that upon being filed, it takes the style and number of the original divorce action and the papers are attached to the original rolls.

A prejudiced judge could be as harmful to the movant in a motion or petition to modify as he could be in the original divorce action or former motions to modify, if any. They are not considered but only the evidence given in the hearing at hand. It could be tried by one judge as well as another. It ought to be tried by an impartial judge. Apparently Missouri is the only State where a change of venue or disqualification of the judge in a motion to modify a divorce decree is frowned upon. See Anno. 143 A.L.R. 411.

In this case, the court could not have granted a change of venue (place of trial) because of the provisions of Sec. 508.110, Mo. R. S. 1949. Greene County has more than one judge. Sec. 478.513, Mo. R. S. 1949. Had the motion been sustained, it would have still been heard in the same court with the same venue, but by another judge. One judge can hear a divorce and other judges can hear the various petitions for modification. See Statement of Facts in Jack et al. v. Jack et al. 295 Mo. 128, en Banc, 243 S. W. 314. Certainly this case could have been transferred to the other division. Sec. 478.523, Mo. R. S. 1949.

Section 508.090 Mo. R. S. 1949 uses the words "in any civil suit" and Section 508.110 states "if any such legal objection is made to the judge assigned to try any *case*, then such *case* shall be transferred to another division of said circuit court presided over by a different judge."

Corpus Juris Secundum (Vol. 1, page 949, Sec. 1) defines "case" as follows:

"In a legal sense it is generally understood as meaning a judicial proceeding for the determination of a controversy between parties where rights are enforced or wrongs are prevented or redressed, embracing everything from the filing of the complaint to the entry or satisfaction of the judgment."

The Supreme Court of Missouri (State ex rel. Morton et al. v. Cave, et al., Judges, 359 Mo. 72, 220 S. W. (2) 45) has adopted the Black's Law Dictionary definition of "case" which is:

"A general term for an action, cause, suit or controversy, at law or in equity. A question contested before a court of justice."

Black's Law Dictionary defines "a suit" as follows:

"IN MODERN LAW. 'Suit' is a generic term, of comprehensive signification, and applies to any proceeding in a court of justice in which the plaintiff pursues, in such court, the remedy which the law affords him for the redress of an injury or the recovery of a right."

The Supreme Court of Missouri in State v. Dalton, 353 Mo. 307, 182 S. W. (2) 311, citing Corpus Juris and Corpus Juris Secundum, says:

"And, 'suits' or 'actions include those proceedings which are instituted and prosecuted according to the ordinary rules and provisions relating to actions at law or suits in equity.' "

There are two cases in Missouri that seem to hold contrary to my conclusions. The first is Cole v. Cole, 89 Mo. App. 228, decided by St. Louis Court of Appeals in 1901. In that case a change of venue had been allowed on a motion to review or to modify a divorce decree and the cause had been transferred from Texas County to Wright County, from which county an appeal was taken. The St. Louis Court of Appeals held that changes of venue were allowed only "in suits", and that a motion to modify was a "continuation of the original action" and not a suit.

As authority for its conclusion it cited Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052, which was a case where an application for change of venue was filed in a *scire facias* to revive a judgment. There the Supreme Court held that such *scire facias* was a continuation of the original action, ancillary thereto and there was no statute authorizing a change of venue. The court cited Sec. 6288 R.S. 1889 which says such revival shall be "by the justice who rendered the same, or has control thereof, (meaning his successor in office) notwithstanding the filing of such transcript in the circuit court, * * ."

I do not think this case supports the conclusion reached in Cole v. Cole, supra. Futhermore the Cole case was an actual change of venue and not a disqualification of the judge. But be that as it may, I do not think that opinion is in line with the present judicial view of the nature of an action to modify a divorce decree, when we consider that a change of venue statute must be liberally construed. State ex rel. Sharp v. Knight 224 Mo. App. 761, 26 S. W. (2) 1011.

The other case upon this question is Robinson v. Robinson 268 Mo. 703, 186 S. W. 1032. This case orginated in Jasper County and an opinion was first written by Farrington, J., of this court. The statement of facts says that a motion for change of venue was filed and denied but in the opinion, nothing at all is said as to whether that matter was raised. It was not passed upon. The case was certified to the Supreme Court and the court there said:

"There is no merit in the contention. that error was committed in refusing the appellant a change of venue. The motion for the modification of the decree was but a continuation of the original action, and hence was not 'a suit' within the meaning of the statute authorizing changes of venue. Section 1927, R. S. 1909; Cole v. Cole, 89 Mo. App. 228."

This was long prior to the rendition of the opinion in North v. North, supra, and before the more modern view of the courts relative to the nature of motions to modify. It cites only one authority Cole v. Cole, which I have discussed, and the Robinson case was handed down long prior to the enactment of Sec. 508.110 Mo. R. S. 1949. But should the law of this State be that a change of venue cannot be had on a motion to modify a divorce decree, there is no case holding that the judge cannot be disqualified by a proper affidavit of prejudice.

I think the learned trial judge should have disqualified in this case and that it was error not to do so.