STATE of Missouri ex rel. Jennifer Lynne MILNER, Relator,

v.

The Honorable Stephen P. CARLTON, Judge of the 29th Judicial Circuit, and the Honorable Jerry L. Holcomb, Family Court Commissioner of the 29th Judicial Circuit, Respondents.[1]

No. 28192.

Missouri Court of Appeals, Southern District, Division Two.

May 23, 2007.

---

1. Relator's petition identified the Honorable William C. Crawford, Judge of the 29th Judicial Circuit, as respondent in this matter. After the petition was filed, Judge Crawford retired and the underlying case was assigned to the Honorable Jerry L. Holcomb, Family Court Commissioner of the 29th Judicial Circuit. The Honorable Stephen P. Carlton, Associate Circuit Judge of the 29th Judicial Circuit, was designated to review Commissioner Holcomb's findings and recommendations in the case. *See* Rule 129. Pursuant to Rule 52.13(d), we have *sua sponte* substituted Judge Carlton and Commissioner Holcomb as party-respondents for Judge Crawford. *See State ex rel. Director of Revenue v. Gaertner*, 32 S.W.3d 564 n. 1 (Mo. banc 2000).

A. Christine Rhoades, Neosho, MO, for relator.

Susan Fahey Butler, Joplin, MO, for respondent.

Danielle Elizabeth Garrity, Joplin, MO, for Juvenile/Minor.

Before BARNEY, J., BATES, C.J. and P.J., and LYNCH, J.

PER CURIAM.

Jennifer Lynne Milner (Relator) seeks a writ of mandamus to direct the trial court to set aside its "Order for Temporary Custody" of June 23, 2006, wherein the trial court granted sole legal and physical custody of Relator's three minor children to their father, Brandy Milner (Father), pending final hearing in the case. This court issued a preliminary order directing the filing of an answer to Relator's petition but no answer or other responsive pleading has been filed. In the interest of justice, we dispense with briefing and argument and issue our peremptory writ in mandamus. *See* Rule 84.24(j).[2]

## Factual and Procedural Background

Relator's marriage to Father was dissolved by entry of a "Judgment of Dissolution" on February 16, 2005. The judgment awarded "sole legal custody and sole physical custody" of the parties' three minor children to Relator, subject to specific periods of visitation with Father. The judgment also provided that "the children's principal residence shall be with [Relator]" and included provisions for relocation of the principal residence of the children in accordance with § 452.377.11.

■ On June 20, 2006, Father filed a "Motion to Prevent Relocation and Motion to Modify" in the trial court. In the motion, Father stated that Relator had moved to the state of Kansas in April 2006 and that "[Father] never received proper notice from [Relator] that she intended to move the children out of state." Among other things, the motion asked the trial court to modify the original Judgment of Dissolution to award sole legal custody and "primary" physical custody of the children to Father.[3]

Also on June 20, 2006, Father filed a "Motion for Immediate Temporary Custody" requesting "temporary sole legal and physical custody" of the parties' children during the pendency of the modification proceeding. On June 23, 2006, the trial court entered its "Order for Temporary Custody," awarding sole legal and physical custody of all three children to Father "pending the final hearing on the Motion to Prevent Relocation and Motion to Modify." Relator subsequently moved to set aside the order, alleging that it violated

---

**2.** All references to rules are to Missouri Court Rules (2007) and all references to statutes are to RSMo (2000).

**3.** "The reference to 'primary' physical custody is inappropriate. Section 452.375 permits

either sole or joint custody; a parent may no longer be granted 'primary' legal or physical custody." *In re Marriage of Hendrix,* 183 S.W.3d 582, 585 n. 2 (Mo. banc 2006).

her right to due process, as well as § 452.380.1, in that it was entered "without any notice, legal or otherwise, to the [Relator], of the filing of [Father's motion] or any notice of hearing, and no testimony was taken with regard to said [motion]" and "the [motion was] not accompanied by affidavits and no hearing was afforded to [Relator], nor was [Relator] even afforded the opportunity to voice her objection to said [motion]." The trial court overruled Relator's motion to set aside.

## Discussion and Decision

In her petition to this Court, Relator continues to assert that the trial court's entry of the "Order of Temporary Custody" violated her right to due process of law. Based on our review of the record presented, we agree.[4]

■ "[I]t is fundamental that restrictions imposed upon parental rights must be in accordance with due process of law." *Burton v. Burton*, 874 S.W.2d 461, 464 (Mo.App.1994). With respect to changes in custody, the Supreme Court of Missouri has stated:

> In the context of custody actions, courts ... have found a court lacks authority to modify a decree without first providing notice and an opportunity for hearing. For instance, this Court has held void a

decision transferring custody from mother where she had not first received notice and an opportunity to be heard, stating:

> The mother was not notified that such motion was filed or would be heard. Her rights were fixed by the previous decree, and such decree could not be modified or changed without notice to her.... Without the presence of the mother, and without notice to her, the court entered a new decree. Such action violated due process of law, as guaranteed by the fundamental law. Citation of authority upon a question so plain will add nothing. The rights of a party cannot be disturbed without notice and a legal hearing. The judgment under which the father claims these children is void.

*In re Marriage of Hendrix*, 183 S.W.3d 582, 589 (Mo. banc 2006) (quoting *Jack v. Jack*, 295 Mo. 128, 243 S.W. 314, 315 (1922)).

■ In the instant case, while the trial court's order is temporary and not a final judgment or decree, it nevertheless has the effect of depriving Relator of the custody rights awarded to her in the February 16, 2005 Judgment of Dissolution. In our view, such an impairment of Relator's

---

4. We are compelled to note that prior Missouri case law has suggested that temporary custody orders are not authorized in modification proceedings. *See, e.g., Fortner v. Fortner*, 166 S.W.3d 615, 620 n. 3 (Mo.App.2005); *Adams v. Adams*, 812 S.W.2d 951, 954–55 (Mo.App.1991); *Muegler v. Muegler*, 784 S.W.2d 839, 840 n. 1 (Mo.App.1990). We further note, however, that this case also involves a motion to prevent relocation with allegations that the relocating parent failed to provide the statutorily required notice of relocation. Section 452.377, which governs relocation of a child, expressly provides: "The court shall consider a failure to provide notice of a proposed relocation of a child as ... [a]

basis for ordering the return of the child if the relocation occurs without notice[.]" § 452.377.5(2). Arguably, this provision may provide authority for the entry of a temporary order concerning custody where a child has been relocated without the requisite notice. Given the state of the record before us, as well as the fact that the parties have not raised or argued this issue, we do not believe it would be appropriate to decide the scope of § 452.377.5(2) in this writ proceeding. Assuming, *arguendo*, that this provision does authorize the issuance of a temporary order, we nevertheless conclude that Relator was entitled to notice and an opportunity for hearing prior to the entry of such order.

parental rights can be valid only if made in accordance with due process of law.

Relator's petition to this Court avers that the trial court's "Order for Temporary Custody" was entered "upon [motion] filed without being accompanied by an Affidavit, without a hearing, and without notice afforded to Relator such that she could file objections." The petition further states that the trial court acted "without any notice to Relator of the proceedings having been filed or any hearing or testimony having been taken." These averments are supported by the record presented to this Court and have not been denied or refuted by an answer or other responsive pleading.[5] Therefore, based on Relator's petition and the record presented, we find that the trial court's "Order for Temporary Custody" was entered without sufficient notice or opportunity for hearing and, thus, was entered in violation of Relator's right to due process of law.

For these reasons, this Court hereby orders the issuance of a peremptory writ in mandamus whereby the trial court is ordered to vacate the "Order for Temporary Custody" entered June 23, 2006, in the underlying case and to conduct such further proceedings as are necessary and appropriate with due regard for the parties' due process rights.

---

**5.** Notably, Rule 94.06 provides: "Any of the parties below may, within the time fixed for the respondent to answer, file an answer to the petition in mandamus or may answer jointly with the respondent or with each other." In this case, no answer was filed by any of the respondents or by Father, who was a party below.