## HEATH'S ASSIGNMENT: ASSIGNEE'S APPEAL.

### Kansas City Court of Appeals, March 1, 1909.

1. **ASSIGNMENT: Trial Practice: Change of Venue: Statutory Construction.** The phrases "civil case" and "civil suit" in change of venue statute refer to legal proceedings by which rights and remedies of private individuals are in force to protect it and include the trial of exceptions to the final settlement of an assignee for creditors.

2. ————: **Assignee's Settlement: Transfer of Assignor's Equity: Fraud.** On exceptions to final report of an assignee only such matters as pertain to his administration of the estate in his hands are matters for investigation and the validity of his acquisition of the assignor's equity through alleged fraud cannot be heard in that proceeding, but must be attacked in equity to set the same aside, especially where the ground is not on the soundness of the assignor's mind, but advantage is taken of him by reason of his mental weakness.

3. ————: ————: **Creditors: Compensation.** An assignee in his final settlement can only take credit for the amount of claims he paid on discount, and where he continues to administer the estate he is required to follow the directions of the statute, and when in conformity therewith it should be approved. He cannot be allowed compensation for administering his own estate after he has acquired the assignor's equity.

Appeal from St. Clair Circuit Court.—*Hon. Chas. A. Denton,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. Montgomery* and *Rechow & Pufahl* for appellant.

(1) There is no law authorizing a change of venue in matters of this kind. Change of venue is purely statutory and the statute must be strictly construed. State ex rel. v. Wofford, 119 Mo. 408; Cole v. Cole, 89 Mo. App. 233; State ex rel. v. Denton, 128 Mo. App. 304; State ex rel. v. Woodson, 86 Mo. App. 253; Morris v. Lane, 44 Mo. App. 1; Michael v. Schroeder, 4 Har-

ris & Johnson, 227; Scott v. Speed, 25 N. W. 200. (2) The law of assignments for the benefit of creditors is a scheme within itself, and if a change of venue is to be allowed, warrant must be found in such law for allowing such change. Carter v. Tindall, 28 Mo. App. 316; Johnson v. Fisher, 56 Mo. App. 552; Hastings v. Hennessey, 52 Mo. App. 172; Schwower v. Christophel, 64 Mo. App. 81. (3) A trustee may purchase from his *cestui que trust*. Sallee v. Chandler, 26 Mo. 124; Richards v. Pitts, 124 Mo. 602; State ex rel. Jones v. Jones, 131 Mo. 210; Buford v. Aldredge, 165 Mo. 426; Kerr on Fraud and Mistake (1 Am. Ed.), p. 156 and notes. (4) This being a proceeding at law, the court had no jurisdiction to set aside and declare null the solemn transfer in writing. See authorities cited under point III, and also the following: Homuth v. Railway, 129 Mo. 629; Och v. Railroad, 130 Mo. 27; Hancock v. Blackwell, 139 Mo. 453; McFarland v. Railroad, 125 Mo. 253.

*W. S. Jackson, W. A. Dollarhide* and *Henry P. Lay* for respondent.

(1) The change of venue was properly granted. R. S. 1899, sec. 818; State ex rel. v. Riley, 203 Mo. 175; State ex rel. v. Denton, 28 Mo. App. 304. (2) The action of the Hickory Circuit Court in granting a change of venue cannot be reviewed by this court for the reason that no bill of exceptions preserving this question was filed in the Hickory Circuit Court. Keen v. Schnedler, 92 Mo. 524; Coffey v. Carthage, 200 Mo. 616; Squires v. Chillicothe, 89 Mo. 226; State v. Long, 209 Mo. 366; Bowring v. Railway, 90 Mo. App. 324. (3) In adjusting the account between the assignor and assignee, the court had full power to set aside the transfer of the assignor's "equity" to the assignee. (a) An assignee for the benefit of creditors is a trustee both for the creditors, and the assignor. Kehoe v. Taylor,

31 Mo. App. 588. (b) Courts of equity have inherent jurisdiction over trusts, including assignments. (c) The fact that in this State assignments for the benefit of creditors are regulated by statute does not deprive our courts of equity of their jurisdiction, it nowhere appearing that such was the intention of the Legislature. In re Assignment of Murdoch & Dickinson, 129 Mo. 497; State to use v. Hunt, 46 Mo. App. 621. (4) An assignee for the benefit of creditors cannot speculate on the trust estate. 3 Am. and Eng. Ency. of Law (2 Ed.), 117; 28 Am. and Eng. Ency. Law (2 Ed.), 1014 et seq.; Perry on Trusts (4 Ed.), 427; Newman v. Newman, 152 Mo. 413; Jamison v. Glascock, 29 Mo. 191; Evans v. Evans, 196 Mo. 1; Ryan v. Ryan, 174 Mo. 279; Barrett v. Ball, 101 Mo. App. 288; 28 Am. and Eng. Ency. Law (2 Ed.), 1020 and cases cited. (5) An assignee is not entitled to compensation for his services, or for his expenses in managing the assigned estate where it appears that he has been guilty of fraud, or misconduct, and especially is this the case when it appears that the trust estate was not benefited thereby. 3 Am. and Eng. Ency. Law (2 Ed.), 117-119; In Matter of Hyman, 14 Daly (N. Y.) 375; Burrill on Assignments (4 Ed.), sec. 425; Newton v. Rebeneck, 90 Mo. App. 650.

BROADDUS, P. J.—This appeal grows out of a judgment of the court sustaining certain exceptions to the final report of the appellant as assignee in an assignment proceeding under the statute.

T. S. Heath, a merchant doing business at Weaubleau, Hickory county, in February, 1907, conveyed his property to B. F. Tucker as assignee for the benefit of creditors. The assignee in due time filed his final report as such assignee, to which Heath filed exceptions. Heath applied for a change of venue, which was sustained and the venue of the cause was changed to St. Clair county.

The facts which gave rise to the controversy, stated in a general way, are as follows: The assignor, Heath, became worried about his business affairs and, while suffering under much distress of mind, conceived the intention of making some disposition of his property, which he finally consummated by conveying it to the appellant, Tucker, for the benefit of his creditors. The property, consisting largely of merchandise, at the invoice price amounted to $14,000 and was appraised at the value of $9,629.96, a value largely in excess of the assignor's indebtedness.

After making the assignment of his property and while still laboring under a state of great mental perturbation, the assignor formed the resolution of selling his equity in the property so conveyed and proposed to sell it to Tucker, the assignee. Finally, they entered into an agreement, by the terms of which Tucker agreed to pay him $2,200 therefor, which agreement was carried out by Tucker paying $500 in cash and executing his note for $1,700 for the balance and Heath conveying his equity to Tucker. Tucker continued the administration of the estate, in the course of which, in connection with another person, he bought up some of the claims for which it was liable at a discount. The entire indebtedness amounted to $5,249.80.

Heath, the assignor, filed various exceptions to the final report of the assignee, which, upon hearing, the court found and adjudged substantially as follows: That the transfer of the assignor's equity in the estate to the assignee was procured by the latter while the mind of the former was in a greatly disturbed state when he was in no condition to bargain with the assignee on fair and equal terms — was obtained unfairly and should be set aside; "that in the management of the estate the assignee wholly disregarded his duties and the interests of the assignor and had an eye wholly to his own interests; that he failed to comply with the law in many

respects in the conduct of said estate and that his expenses were for the benefit of the assignee and not the estate and that no allowance should be made for such expenses or for the services of the assignor; that the reasonable value of the estate was $9,629.96;" that no claims have been allowed as required by law, but the assignee has actually paid up debts in the aggregate amounting to the sum of $5,162.40, upon which the assignee and his partner received discount amounting to $782.75; that although the claims so paid were not legally allowed, they were valid obligations against the estate, for which the assignee should receive credit less the said discounts in the sum of $4,379.68; that the assignee should receive credit for the $500 paid to the assignor and the $1,700 now outstanding; that the assignee is entitled to no further credits and should account to the assignor for the sum of $3.050.28. And it was adjudged that the transfer of the assignor's equity to the assignee be held for naught and the assignor recover as against the assignee the sum of $3,-050.28, and that execution issue therefor. The assignee appealed.

The appellant attacks the judgment upon the ground, first, that the court had no jurisdiction, as the change of venue to St. Clair county, was not authorized by law. We have examined the authorities cited to support this view of the case, but are not persuaded of its correctness. Section 818, Revised Statutes 1899, provides in what cases a change of venue may be awarded, viz.: "A change of venue may be awarded in any civil suit to any court of record for any of the following causes," etc. In State ex rel. v. Riley, 203 Mo. 175, it is held, "The phrases 'civil case' and 'civil suit' refer to the legal proceedings by which the rights and remedies of private individuals are enforced or protected," etc. As there can be no doubt but that the case in hand comes within the foregoing definition, the objection of appellant in that respect is not valid.

However, the judgment must be reversed upon another ground, want of jurisdiction in the court to set aside said transfer. The proceedings in this case are purely statutory and not equitable. On exceptions to the final report of the assignee, only such matters as pertained to his administration of the estate in his hands were matters for investigation. The validity of the transfer could only be attacked for fraud in its procurement in a proceeding instituted for that purpose. There is no pretext that the assignor was of unsound mind and incapable of contracting, but, owing to his mental perturbation, the assignee took advantage of his condition and fraudulently obtained the transfer. The Supreme Court has drawn a distinction between this class of cases and those where the fraud may be shown as a matter of law. [Hancock v. Blackwell, 139 Mo. l. c. 453.]

We are of the opinion that the judgment of the court was right in so far as it allowed the assignee on the claims only the amount he paid for them on discount. The assignee, as he continued the administration of the estate after the assignment to him, should be required to follow the directions of the statute. And when his final settlement is in conformity therewith, it should be approved. And he should not be allowed any compensation for administering his own estate, for it is to be so treated as long as the said transfer of plaintiff's equity therein stands unimpeached and is not set aside. No rights of the assignor would thereby be prejudiced in the event he seeks and obtains relief in a court of equity. The cause is reversed and remanded with directions to the assignee to make final settlement in accordance with the views herein expressed. All concur.