235 S.W.2d 418 (1950)
WILTON
v.
WILTON.
No. 21390.
Kansas City Court of Appeals, Missouri.
December 4, 1950.
Preston H. Longino, Kansas City, for appellant.
Thomas C. Swanson, Kansas City, for respondent.
BOUR, Commissioner.
This is an appeal from an order modifying the provisions of a divorce decree relating to the custody of two minor children. The wife, appellant herein, was the plaintiff in the original divorce action which resulted in the entry of a decree in her favor on March 8, 1947. Plaintiff was awarded custody of the parties' minor children, Joseph Wilton, Jr., and Joenne Wilton, with an allowance of $200 a month for the support of the children. The decree included a provision that defendant should have the right to visit the children "at all reasonable times upon reasonable notice." There was no appeal from that decree.
On October 10, 1947, the court entered an order modifying the decree so as to provide that defendant should have the custody of the children "on Friday evening from 5:30 p. m. to 10:00 p. m., and on Sunday evening from 2:00 p. m. to 8:00 p. m. of each week until the further order of the court." No appeal was taken from this order.
On June 6, 1949, defendant filed a motion which reads as follows: "Comes now defendant, Joseph C. Wilton, and moves the court to make such orders as may be necessary to cause the children, Joenne and Joseph, Jr., to be domiciled with the defendant in Kansas City, Missouri, during June, July, and August, 1949, or so much thereof as the court may deem fair and reasonable." It will be noticed that the motion does not allege any change in conditions after the entry of the order of October 10, 1947.
No objection was made to the sufficiency of defendant's motion and the parties proceeded to trial on July 29, 1949. At the conclusion of the hearing the court entered the following order: "It is ordered and adjudged by the court that the plaintiff be and she is hereby awarded the care, custody and control of the two minor children, Joseph Wilton, Jr., and Joenne Wilton, during the *419 school term period; that during this period defendant shall have their custody from 6 p. m. Friday to 8 p. m. Sunday every other week end. Defendant is hereby awarded the care, custody and control of the said minor children during the months of June, July, and August of each year; that during this period plaintiff shall have their custody from 6 p. m. on Friday to 8:00 p. m. Sunday every other week end; that plaintiff have and recover of and from said defendant the sum of Two Hundred ($200.00) Dollars per month for the support and maintenance of the said minor children during the nine months she has their custody, for which let execution issue."
On August 6, 1949, plaintiff filed a motion to set aside the above order, and in the alternative a motion for a new trial in the event the motion to set aside was not sustained. As the basis for her motions, plaintiff charged that defendant's motion to modify the decree was not sufficient to support the court's order; and that there was no evidence of any change in conditions which would warrant the modification of the decree. Since plaintiff's motions were not passed on within ninety days after the filing thereof, they were deemed overruled. Laws 1943, p. 389, sec. 118, Mo.R.S.A. § 847.118; Supreme Court Rule 3.24. In due time thereafter plaintiff appealed from the order modifying the decree.
Plaintiff first questions the sufficiency of defendant's motion to modify the divorce decree. It is settled law in this state that the provisions of a divorce decree relating to the custody and support of a minor child can only be modified or altered upon proof of a change in conditions after the entry of the decree. Schumm v. Schumm, Mo.App., 223 S.W.2d 122; Lambert v. Lambert, Mo.App., 222 S.W.2d 544; Perr v. Perr, Mo.App., 205 S.W.2d 909; Shepard v. Shepard, Mo.App., 194 S.W.2d 319. A motion for such modification "is in the nature of an independent proceeding, and the motion is treated as a petition in an original action." North v. North, 339 Mo. 1226, 1236, 100 S.W.2d 582, 587, 109 A.L.R. 1061.
In Olson v. Olson, Mo.App., 184 S.W.2d 768, 772, 773, the St. Louis Court of Appeals said: "The only question for our consideration is whether the motion to modify, which is to be treated as a petition in an original action (North v. North, supra), may be held to have alleged any changed conditions, which, if found to have been the fact, would have authorized the court to modify the decree. In short, the question is whether the motion stated a cause of action for the character of proceeding it initiated, since if it did not, then the order sustaining the motion would be patently erroneous on the record, and subject to reversal on this appeal, though no motion for a new trial was filed below. * * * This does not mean, however, that before a motion to modify may be held sufficient to invoke the jurisdiction of the court, it must contain any specific language, or conform to any set rule or formula. On the contrary, the only requirement is that it shall set forth such new facts and circumstances since the time of the entry of the original decree as will, if established by the evidence, require the court to find that the child's best interests will be served by granting the petitioner the relief desired." See also Mahan v. Mahan, 239 Mo.App. 317, 192 S.W.2d 626.
It is clear that the motion to modify filed by defendant herein did not meet the requirements of the law. As appears above, the motion did not allege any change in conditions after the decree was modified on October 10, 1947. In fact it contained nothing but a prayer for the relief desired. We conclude, therefore, that the motion was not sufficient to invoke the jurisdiction of the court and to support the order from which plaintiff appealed. It follows that the order should be reversed.
In view of our ruling on the sufficiency of defendant's motion, it is unnecessary to consider plaintiff's second point, namely, that there was no evidence of any change in conditions which would warrant the modification of the decree.
SPERRY, C., concurs.
PER CURIAM.
The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The order is reversed.
All concur.