THOMAS E. HAYES, Plaintiff-Respondent, v. LOIS V. HAYES, Defendant-Appellant, No. 43187—252 S. W. (2d) 323.

Division One, November 10, 1952.

*Rogers & Rogers* and *Smith & Williams* for appellant.

*Walker & Daniel* for respondent.

COIL, C.—In May 1949 the judge of Division No. 2 of the Circuit Court of Greene County granted a divorce to plaintiff-respondent from defendant-appellant, awarded plaintiff custody of two minor children, and provided certain visitation rights for defendant. In November 1949 defendant's motion to modify the decree as to custody was overruled and the decree, as to custody, modified on the court's own motion. In March 1951 defendant filed a second motion to modify as to custody. Plaintiff filed an answer and a cross motion which [325] also sought a modification as to custody. On May 7, 1951, defendant filed an application for change of venue averring that she could not have a fair and impartial trial before the judge of the trial court because of alleged prejudice on his part against defendant and because of alleged influence of the plaintiff over the mind of the judge. This application was overruled. A hearing on the plaintiff's and defendant's respective motions to modify was had; defendant's motion was overruled and plaintiff's motion sustained in part. A judgment was entered modifying the provisions of the decree as to custody.

Defendant appealed to the Springfield Court of Appeals. One assignment was that the trial court erred in overruling defendant's application for change of venue. The court of appeals affirmed the judgment of the trial court. One of the judges dissented in a separate opinion in which it was held that the trial court erred in overruling defendant's application for change of venue. Hayes v. Hayes, Mo. App., 247 S.W. 2d 551. The court of appeals transferred the cause here because of the general interest and importance of the question involved and for the purpose of having re-examined the existing law pertaining thereto. Mo. Const., 1945, Art. V, § 10. Under these circumstances, our determination of the case is the same as though it were here on original appeal. Art. V, § 10, supra.

The view we take makes it necessary to determine only defendant's contention that the trial court erred in overruling her application for change of venue. This, because we have concluded that the application for change of venue should have been sustained.

RSMo 1949, § 508.090, provides in part: " A change of venue may be awarded in any civil suit * * *, for any of the following causes: (1) That the judge is * * * prejudiced, * * * ; (2) That

the opposite party has an undue influence over the mind of the judge; * * *." (All further references to sections are to RSMo 1949 unless otherwise indicated.) Section 508.120 provides that an application for change of venue must be made before an answer to the merits except when the information or knowledge of the existence of the cause for the change was first had after the filing of such answer, in which event the application shall state the time when the knowledge was acquired, and the application must be made within five days thereafter. The instant application was filed on May 7, 1951; it alleged that the knowledge of the existence of the causes for the change was acquired on May 1, 1951. By computation of time as provided in Section 506.-060 the application was filed within five days. Thus, it appears that the application for change of venue was in proper form and timely filed; no contention to the contrary is made by plaintiff-respondent here.

Plaintiff contends that the application was properly overruled because a motion to modify a decree of divorce is not a "civil suit" within the meaning of Section 508.090; that such a motion is an ancillary or supplemental proceeding; and that the right to a change of venue being purely statutory, and there being no provision for a change of venue in a proceeding to modify a decree of divorce, it follows that no change of venue lies in such proceeding.

Decisive in the first instance of the question presented is the meaning to be ascribed to the words "civil suit" as used in Section 508.090, supra. It has been said that the term "change of venue" is a misnomer in those cases where, as here, a change of judge is the thing sought. State ex rel. Kansas City Public Service Co. v. Waltner, 350 Mo. 1021, 1032[1], 169 S.W. 2d 697, 700 (1st col.); State v. Myers, 322 Mo. 48, 51, 14 S.W. 2d 447, 448[2]; State ex rel. McAllister v. Slate, 278 Mo. 570, 576, 214 S.W. 85, 87[1]. The fact is, however, that the legislature has referred to both the change of place of trial and the change of judge as "change of venue". The circumstance that an inaccurate title may describe the thing sought in no way changes the fact that the question must initially depend upon the meaning to be ascribed to the words "civil suit". But it is important to bear in mind that two different [326] things are contemplated in the same statute, viz., change of place of trial and change of judge, and that we are here concerned with only one of them, "change of judge".

In Cole v. Cole, 89 Mo. App. 228, a divorce decree rendered in 1898 awarded custody of a minor daughter to plaintiff mother. In 1900, defendant moved to modify the decree as to custody. Defendant's subsequent application for change of venue was sustained, place of trial changed, and, after hearing, custody awarded plaintiff. On appeal it was urged that the judgment of the trial court was void because no change of venue was permissible and thus the court to which

the case went on change of venue had no jurisdiction to enter a judgment. In that case, the court of appeals, in discussing the question of whether a change of venue was proper, said: "This is to be answered by ascertaining whether the motion can be considered a *new suit*, because changes of venue may only be awarded in *suits*. R.S. 1899, sec. 818. (Section 818 is the same as RSMo 1949, § 508.090.) * * * If the proceeding for an alteration of the decree in divorce cases, concerning the custody of the children, is a *continuation of the original action*, there can be no change of venue allowed. Sutton v. Cole, 155 Mo. 206. * * * All proceedings of an ancillary character, and designed to effectuate or change a decree already entered, are commonly regarded as part of and incidental to the original suit. * * * We conclude that the motion or petition in the present case, for an alteration of the judgment in favor of the plaintiff was not a *new suit* and that a change of venue was inadmissible." 89 Mo. App. 233, 234. (Italics and parenthetical insertion ours.)

Sutton v. Cole, 155 Mo. 206, 55 S.W. 1052, cited as authority in Cole v. Cole, supra, for the proposition that if a proceeding "is a continuation of the original action, there can be no change of venue allowed", held: that a scire facias to revive a judgment was not a "civil cause" within the meaning of RSMo 1889, § 6240, providing in part: "Either party shall be entitled to a change of venue in any civil cause pending before a justice of the peace, if he shall, * * *", etc. It was said in the Sutton case that a proceeding to revive a judgment is a continuation of the old action "and merely ancillary thereto"; that it was a proceeding in the same action and not a *new suit*.

In Robinson v. Robinson, 268 Mo. 703, 186 S.W. 1032, a motion was filed to modify a divorce decree by inserting therein an allowance for the education and maintenance of a minor child. An application for change of venue was overruled. We disposed of the contention that the court erred in overruling the application for change of venue with these words: "There is no merit in the contention that error was committed in refusing the appellant a change of venue. The motion for the modification of the decree was but a continuation of the original action, and hence was not 'a suit' within the meaning of the statute authorizing changes of venue. Section 1927, R.S. 1909; Cole v. Cole, 89 Mo. App. 228." 186 S.W. 1034[4].

In State ex rel. Reece v. Moore, Mo. App., 158 S.W. 2d 747, the Springfield Court of Appeals in a proceeding for prohibition, reiterated, on the authority of Cole v. Cole, supra, that a change of venue would not lie on a motion to modify a decree of divorce.

It is apparent that the decision in Cole v. Cole, supra, adhered to in Robinson v. Robinson, supra, and State ex rel. Reece v. Moore, supra, is the result of construing the words "civil suit" in Section 508.090, supra (§ 818, RSMo 1899), as meaning "*new suit*" or "*original action*". This is demonstrated by the language in Cole v. Cole,

supra, where it is specifically ruled that unless the motion to modify was a *"new suit"* it was not a *"suit"* and therefore a change of venue did not lie. In other words, the conclusion in Cole v. Cole, supra, is based upon the premise that a "suit" as referred to in Section 508.090 means only a "new suit" in the sense of an "original action". Proceeding from this premise, the court concluded that inasmuch as a motion to modify is a continuation of an original action, it is not a "new suit", and therefore not a "civil suit" within the meaning of the section.

Long prior to the date of our opinion in the Robinson case, supra, we had held that "suit" as used in the change of venue section [327] means any *proceeding* for the redress of injury or the recovery of a right, and that the word "civil" used in connection with the word "suit" is in contradistinction to a "criminal case". "Civil suit" then, in its broad aspect, means a *proceeding* by which rights of private individuals are protected or enforced. State ex rel. Kochtitzky v. Riley, 203 Mo. 175, 185-188, 101 S.W. 567, 568, 569. See also: State ex rel. Bixman v. Denton, 128 Mo. App. 304, 312, 107 S.W. 446, 448; Heath's Assignment, 136 Mo. App. 347, 351, 117 S.W. 125, 126.

The particular meaning to be ascribed to specific words and phrases must depend to some extent upon the context in which they are used and, when appearing in a statute, upon the purpose to be accomplished by the provisions of the particular statute. Now it would seem that the words "civil suit", when used in a change of venue statute, should be given their most encompassing meaning if thereby the obvious purpose of the statute may be accomplished. And certainly so, if by giving the words "civil suit" a more restrictive meaning one of the purposes of the statute is defeated.

It has long been held that on application for change of venue, which seeks a change of judge only, on account of the alleged prejudice of such judge, no evidence of such prejudice need be adduced. State ex rel. Kansas City Public Service Co. v. Waltner, supra, 169 S.W. 2d 700 (1st col.). The purpose in such instance is to prevent a trial judge from adjudicating, or to not require him to adjudicate, rights when it is alleged that he is prejudiced or influenced by the opposite party. It seems reasonable to say then, that whether a motion to modify a final decree of divorce is a "civil suit" within the meaning of those words in Section 508.090 must depend upon the nature of the proceeding which is instituted and adjudged upon such motion. Likewise, it seems unreasonable to say that a proceeding may not be a "civil suit" solely because it is not a "new suit" or an "original action".

It may be conceded that a motion to modify a divorce decree is in one sense a continuation of an original action, and it is unimportant in final analysis whether this "continuation" may be sometimes loosely described as being ancillary to the original action. Kelly v. Kelly, 329 Mo. 992, 999, 1005, 47 S.W. 2d 762, 765, 768. A trial court does not

lose its jurisdiction by entry of its original final decree. It retains a limited jurisdiction to modify that decree as subsequent changed conditions may require. And if such modification pertains to the custody or future maintenance of a minor, this limited jurisdiction continues until the majority of such minor, or until the death of one of the parents, whichever first occurs. Schumacher v. Schumacher, Mo. App., 223 S.W. 2d 841, 844[1-3], 845[8-11]. And this jurisdiction to determine matters relating to the support and maintenance of minor children remains in the court wherein the divorce decree was rendered and matters concerning custody and future support and maintenance of such minors cannot be determined in an indepedent action. Kelly v. Kelly, supra, 47 S.W. 2d 768. Further, this jurisdiction is exclusive except as it may be affected or superseded by the jurisdiction of a juvenile court under certain circumstances. See: State ex rel. Dew v. Trimble, 306 Mo. 657, 671, 672, 269 S.W. 617, 621[1]; State ex rel. Burtrum v. Smith, 357 Mo. 134, 141[2], 206 S.W. 2d 558, 562[4]. Thus, it is apparent that in one view, a motion to modify a decree of divorce is a continuation of the original divorce action.

But the decisive and important consideration is not that a motion to modify is a proceeding in continuation of the original action; the decisive question is whether a proceeding on such motion is the kind of independent proceeding which does in fact adjudicate rights of individuals, irrespective of and not conditional upon what is provided in the original decree.

We, therefore, examine the nature of a motion to modify a divorce decree. It is an independent proceeding; the motion itself is treated as a petition in an original action. North v. North, 339 Mo. 1226, 1236, 100 S.W. 2d 582, 587[13-15]; Wilton v. Wilton, Mo. App., 235 S.W. 2d 418, 419[2, 3]; Burgess v. Burgess, [328] 239 Mo. App. 390, 393, 190 S. W. 2d 282, 284[1, 2]; Fernbaugh v. Clark, 236 Mo. App. 1200, 1208, 163 S.W. 2d 999, 1003[5]. The motion must state a claim upon which relief may be granted or it is insufficient. Wilton v. Wilton, supra, 235 S.W. 2d 419[4]; Olson v. Olson, Mo. App., 184 S.W. 2d 768, 772[6]. Proper notice of the motion must be given the party adversely affected. The original divorce decree is final and binding and cannot be disturbed except upon a proceeding and hearing held for that very purpose. Jack v. Jack, 295 Mo. 128, 133, 243 S.W. 314, 315; State ex rel. Tatum v. Ramey, 134 Mo. App. 722, 725, 115 S.W. 458, 459; Burgess v. Burgess, supra, 190 S.W. 2d 284[1-2] [3]; Fernbaugh v. Clark, supra, 163 S.W. 2d 1003[2-4]. The movant may be successful only upon proof of new facts, conditions and circumstances arising or coming into existence since the rendition of the original decree. And "the subject of the inquiry is not whether the original decree has been given its proper effect, but whether the substantial rights of the parties require that the decree shall be altered and modified on account of new facts occurring since

the trial. The relief which is asked is not that the decree be enforced as written, but that it be modified to meet the new conditions.'' The proceeding is one in which new rights based upon new facts are adjudicated. Olson v. Olson, supra, 184 S.W. 2d 772; Martin v. Martin, Mo. App., 160 S.W. 2d 457, 459; Foster v. Foster, Mo. App., 146 S.W. 2d 849[1, 2]. The motion seeks affirmative relief. Burgess v. Burgess, supra, 190 S.W. 2d 284[4]. A final judgment is entered on a motion to modify and appellate review thereof is de novo. Hill v. Hill, Mo. App., 277 S.W. 961[1]. A motion for new trial after judgment on a motion to modify is necessary; otherwise appellate review is restricted to the record proper. Olson v. Olson, supra, 184 S.W. 2d 772[4, 5]. Motions to modify are not ''mere adjuncts to the original proceeding'' and do not ''relate to the manner in which the judgment shall be given its proper effect.'' Olson v. Olson, supra, 184 S.W. 2d 771[1, 2]. In our recent case of State ex rel. Silverman v. Kirkwood, 361 Mo. 1194, 239 S.W. 2d 332, we held that a scire facias proceeding was a ''special proceeding'' within the meaning of Section 506.160. The distinction between a proceeding (like a motion to modify), which is an independent one and which proceeds to a judgment, and a special proceeding, like scire facias, which results in an order solely in aid of execution, was there pointed out. 239 S.W. 2d 336[4-7].

It is clear from what has been said that a motion to modify a final decree of divorce is a ''civil suit'' in that it is in the nature of an independent civil proceeding for the enforcement and protection of rights of individuals. Our re-examination of the law pertaining to the question here convinces us that the reasoning contained in, and the conclusions reached in, Cole v. Cole, Robinson v. Robinson, and State ex rel. Reece v. Moore on the proposition under consideration, are fallacious. We perceive no sound basis for construing the words ''civil suit'' contained in Section 508.090 to mean ''new suit'' ''or original action''. We are convinced and so hold that a motion to modify a divorce decree is a ''civil suit'' within the meaning of those words contained in the change of venue statute.

It is appropriate, however, that we examine the effect of this holding in the light of the statutory machinery provided for a ''change of judge''. Section 508.110 now provides that in one county circuits with more than 400,000 inhabitants (at the time of the overruling of the application for change of venue herein, the section mentioned one county circuits without respect to the population thereof), in which there are two or more judges, a change of venue shall not be allowed on account of the prejudice of or influence over, the judge, but that the case shall be transferred to another division of the same court. Section 508.140 provides that where an application is based upon an objection to the judge, and that if

the parties agree upon a special judge or request the election of a special judge, a change of venue shall not be awarded to another county. In so far as the statutes provide, if the parties fail to agree upon a special judge or fail to agree to the election of a special judge, the case is for transfer to another county. However, [329] we have held that Mo. Const., 1945, Art. V, § 15, which provides in part that "Any circuit judge may sit in any other circuit at the request of the judge thereof", is a self-enforcing constitutional provision; that the provisions of Section 545.670 providing that when a circuit judge has been disqualified to sit in a criminal case, the defendant and the prosecuting attorney may agree to elect an attorney to sit as special judge in the case, and the provisions of Section 545.690 providing that if no person so elected will consent to serve, *then* the regular judge may call in another circuit judge to try the case, do not override, or prevent proceeding in accordance with, the self-enforcing constitutional provision mentioned. State v. Emrich, 361 Mo. 922, 927, 237 S.W. 2d 169, 171 (2nd col.), 172[1]. It follows, of course, that the regular circuit judge of any circuit who is disqualified by an application for "change of venue (judge)" may call in another circuit judge to hear the case; and that he is not precluded from so doing by reason of anything contained in Sections 508.110 and 508.140. This, by virtue of the self-enforcing constitutional provision, supra.

It appears, therefore, that a circuit judge, who, on a motion to modify a divorce decree, sustains an application for change of venue on the ground of his prejudice or on the ground of the influence of the opposite party over him may, irrespective of the provisions of Sections 508.110 and 508.140, request another circuit judge to sit and hear the motion.

Jurisdictional questions which might arise in the event that a circuit judge, who sustained an application for change of venue on a motion to modify a divorce decree, on the grounds provided for disqualification of a judge and who, instead of exercising his constitutional right to call in another judge to sit in his circuit, transferred or attempted to transfer the proceeding to another county, are not before us. We express no opinion upon resultant hypothetical situations which might obtain in such instances.

A trial judge should not be forced into a position of determining rights of individuals where it is alleged that he is prejudiced against one of them, simply because the independent proceeding in which he makes his determination of those rights, is, in one sense, a continuation of a prior proceeding and is not an entirely "new suit". If a trial judge is in fact prejudiced, that prejudice is as detrimental in a proceeding on a motion to modify as in any other "civil suit". It appears that a proper and timely application for "change of venue" which seeks a "change of judge" on the statutory grounds

592

provided, should be sustained when filed in a proceeding to modify a decree of divorce; that in one county, multiple judge circuits within the provisions of Section 508.110 the case should be transferred to another division of the court; that in all other instances the regular judge should call in another circuit judge to sit in the case, or request this court to transfer a circuit judge to sit in the case, pursuant to Const., 1945, Art. V, § 6, and Supreme Court Rule 11.

The cases of Cole v. Cole, supra, Robinson v. Robinson, supra, and State ex rel. Reece v. Moore, supra, in so far as they hold contrary to our opinion herein, should no longer be followed.

Plaintiff-respondent has directed our attention to the recent cases of Osborne v. Purdome, Mo. Sup., 244 S.W. 2d 1005, 1013[15-17], and Osborne v. Purdome, Mo. Sup., 250 S.W. 2d 159, 160[3-5], where we held that no change of venue lies in a criminal contempt case. This conclusion is based upon considerations inapplicable to the instant case. Contempt proceedings are *sui generis*; the power to punish for contempt is inherent in courts. Osborne v. Purdome, supra, 244 S.W. 2d 1012(1st col.).

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion. *Van Osdol* and *Lozier*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by COIL, C., is adopted as the opinion of the court. All the judges concur.