**Marie SAMLAND, Plaintiff-Respondent,**

v.

**Joseph SAMLAND, Defendant-Appellant.**

Nos. 22100, 22218.

Kansas City Court of Appeals.

Missouri.

April 4, 1955.

Claude L. Schenck, Kansas City, for appellant.

Frederick J. Freel, Kansas City, for respondent.

CAVE, Presiding Judge.

These are consolidated appeals from two judgments of the Circuit Court of Jackson County in proceedings ancillary to a divorce action. The appeal in case No. 22,-100 is from a judgment overruling defendant's motion to modify a decree relative to the custody of·a minor child of the above parties. The appeal in case No. 22,218 is from a judgment allowing plaintiff $75 as suit money and $350 attorneys' fees as expenses in connection with the appeal of case No. 22,100.

Relative to case No. 22,100, the record discloses that in November, 1948, the Circuit Court of Jackson County granted the plaintiff a decree of divorce from the defendant and awarded her the sole custody of their minor child, who was then four years of age, without granting defendant the right of visitation. In September, 1952, defendant filed a motion to modify the decree by granting him certain visitation rights, and the court entered an order modifying the original decree by granting the defendant the right to visit the child on alternate Sundays, from 12:30 to 5:00 P.M., provided that written notice of defendant's intention to visit said child be given plaintiff not later than Wednesday of the week of such visitation. In July, 1953, defendant filed another motion to further modify the decree relative to the custody of the child and to grant to him the sole custody. After a hearing, the court overruled this motion and defendant perfected his appeal.

He urges that the court erred in overruling his motion because the preponderance of the credible evidence proves that there had been a change in conditions and circumstances since the original decree was modified in 1952.

■■■ It is now well settled that a motion to modify a divorce decree is an independent proceeding; that the motion is treated as the petition in an original action and must state a claim upon which relief may be granted, otherwise it is insufficient. The movant may be successful only upon proof of new facts, conditions and circum-stances arising or coming into existence since the rendition of the original decree or a subsequent judgment of modification thereof. The subject of inquiry is not whether the original decree, or the modified decree, has been given its proper effect, but whether the substantial rights of the parties require that the decree shall be altered and modified on account of any facts occurring since the last hearing. The relief which is asked is not that the decree be enforced as written, but that it be modified to meet the new conditions. The proceeding is one in which new rights based upon new facts are adjudicated. The burden of proof rests upon the movant to establish such new facts, conditions and circumstances. Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323, 327–328; Prudot v. Stevens, Mo.App., 266 S.W.2d 756. It is equally well settled that the welfare of the child is the prime concern of the courts.

■■■ Defendant was the only witness testifying in support of·the motion. His complaints are: (a) That on three or four occasions, after the modification of the decree in 1952, he went to visit the boy and did not find the plaintiff or the boy at home; (b) that on one or two occasions when he did visit the boy, he observed black and blue spots on his body; (c) and that he could not ascertain from the school authorities the progress the boy was making in school.

He ·testified that the plaintiff and the boy, who was about ten years of age at the time of the hearing on the motion, lived with her mother and father on a farm near Montrose, in Henry County, Missouri, about eighty miles from Kansas City; that defendant lived in Kansas City with a housekeeper and owned his home of ten rooms, and a farm of more than five hundred acres located near Keytesville, Missouri; that he was a carpenter and ·chemist; that he was well able to support, maintain and educate the boy; that plaintiff worked in Clinton, approximately eighteen miles from the home of her mother and father, and was not with the boy sufficiently to properly take care of him and look after

his welfare, but had left such matters largely to her parents. Just how long these conditions had existed is not clear from his testimony. His counsel made a sincere effort to confine his testimony to conditions and circumstances arising subsequent to the order of modification in 1952, but it is apparent that he was a difficult witness to convince that his evidence should be confined within the proper limits as to time.

Relative to defendant's claim that the plaintiff had violated his right of visitation, he testified that he always wrote plaintiff of his intended visits as required by the modification decree; that on three or four occasions during the year subsequent to the modification order in 1952, he had driven to plaintiff's home and found that she and the boy were not there. Plaintiff testified that she did not always receive a letter of defendant's intended visit, but that many times he came whenever it suited him, and that she may have been away from home on such occasions.

■ Even if the plaintiff and the boy were away on three or four occasions during that period, such fact would not justify the court in modifying the decree and granting defendant exclusive custody of the boy. As stated in Hayes v. Hayes, supra, the subject of inquiry on a motion to modify is not whether the original decree has been given its proper effect, but whether the substantial rights of the parties require that the decree shall be modified on account of new conditions and circumstances.

Relative to the charge of mistreatment of the boy, defendant testified that he had seen two or three blue and black spots on the boy's body. What caused these is not disclosed by the record. Defendant didn't know. We think it is generally understood that black and blue spots, bandaged toes and fingers, and bumps on the head, are more likely to be caused by the vigorous and reckless activity of a ten year old boy than mistreatment by his mother. If there is anyone who has escaped these marks of daring adventure, he is to be pitied for having missed the thrills of childhood.

Defendant stated that on one occasion the boy told him that his grandfather had struck him with a milk bucket, but when asked when that occurred, he said it was in 1950, and his attorney replied, "I don't mean to go back that far". Furthermore, this evidence was hearsay and we will not consider it in making our own findings. Dagley v. Dagley, Mo.App., 270 S.W.2d 553, 558.

Defendant further testified that the boy was attending a Catholic school in Montrose and that the authorities there would not permit him to visit the boy without a court order and that they would not give him information concerning the boy's progress in school. It is not shown that the plaintiff had anything to do with the action of the school authorities.

It appears that a few days before the present motion was filed, defendant and his attorney drove to Montrose to see the boy. They spent the afternoon with him, visiting, swimming, eating ice cream, and generally enjoying themselves. They questioned the boy about whether he had been mistreated, and he vigorously denied it.

There are certain admissions made by defendant which we think throw considerable light on his attitude and feelings in this controversy. The original divorce decree ordered the defendant to pay to the plaintiff $50 each month for the support of their son. At the time of the hearing on this motion, defendant admitted that he was approximately $600 in arrears in making such payments. The plaintiff testified that she had kept an accurate account and that he was $985 in arrears. He admitted he was financially able to make the payments, but sought to excuse himself on the ground that when he was not permitted to see the boy, he should be relieved from making the payments, and when he would drive to Montrose, he thought he should be entitled to deduct the expenses of that trip from the monthly payments. He stated that he had received legal advice that he was entitled to do so. However, we should add that his

present attorney, upon learning such fact, advised him that he was not entitled to do so, and that he should promptly pay the amount due. However, that had not been done at the hearing on the motion.

We have carefully read the defendant's testimony and can find no new fact, circumstance or condition justifying a modification of the custody order. The circuit court has three times decided that the welfare of the child will best be served in the custody of the mother, and we can see no good reason to change the existing conditions.

Of course, plaintiff must continue to make an honest effort to comply with the defendant's right of visitation, and defendant should comply with the conditions precedent to such visits. The child is entitled to that much cooperation of his parents.

■ At the conclusion of the hearing on the motion to modify, the court sustained plaintiff's motion for suit money and attorneys' fees and allowed her the sum of $100. Defendant contends this was error because there was a failure of proof sufficient to sustain such an order. There is no merit in this contention. The court had before it defendant's testimony concerning his property and his ability to pay, and it was stated that plaintiff was working for wages and had made two trips from Montrose to Kansas City relative to defendant's motion to modify, and that she had employed an attorney to represent her in such matter. We think the court was clearly justified in making the modest allowance of $100.

■ We now consider defendant's appeal in case No. 22,218. This involves the judgment allowing plaintiff the sum of $350 as attorneys' fees and $75 suit money as expenses in connection with the appeal of the case on the merits. Defendant contends there was a failure of proof to support that order. In passing on that motion, the court stated that he was taking into consideration the testimony of the defendant concerning his financial condition which had been given at the hearing on the motion to modify a

very short time before. We have referred to that supra, and need not repeat it here. In addition there was testimony by an attorney that $400 would be a reasonable fee for representing the plaintiff on the appeal and that the costs of printing briefs would approximate $75. The defendant had also testified that the plaintiff was working for wages and was not properly and adequately supporting the boy; and that he was, at least, $600 in arrears in contributing to the boy's support. Considering the whole record, we cannot say the court abused its discretion in making the allowances.

From what we have said, the judgment in case No. 22,100 and the judgment in case No. 22,218 should be affirmed. It is so ordered.

DEW, J., and WEIGHTMAN, Special Judge, concur.