STATE of Missouri ex rel. Shirley K. DUBINSKY, Relator,

v.

Honorable Noah WEINSTEIN, Judge, Circuit Court of St. Louis County, Juvenile Division, Respondent.

No. 52079.

Supreme Court of Missouri, En Banc.

April 10, 1967.

Charles M. Shaw, Clayton, for relator.

Merle L. Silverstein, Rosenblum & Goldenhersh, Clayton, for respondent.

HOLMAN, Judge.

In this original proceeding in prohibition relator seeks to prevent the respondent, as Judge of the Juvenile Division of the Circuit Court of St. Louis County, from proceeding further upon a petition relating to the care and custody of her daughter, Judith Ann Dubinsky, a child five years of age. After respondent had overruled relator's motion attacking the jurisdiction of the court in said cause we issued our provisional rule upon petition of relator.

The facts are not in dispute. Harlan A. Dubinsky and relator, Shirley K. Dubinsky, are the parents of Judith Ann. On January 16, 1965, a petition for divorce was filed in the Circuit Court of the City of St. Louis by Harlan. The relator filed an answer and a cross-bill for separate main-

tenance. The divorce case was heard on December 9, 1965, and on December 29 plaintiff was awarded a decree of divorce and relator was given custody of Judith Ann, together with a judgment against plaintiff for $300 per month child support. The court found for Harlan on relator's cross-bill for separate maintenance.

Relator filed a timely motion for new trial upon the issues of divorce and separate maintenance. On March 30, 1966, the motion for new trial was sustained by consent of the parties. On that date relator amended her cross-bill so that it prayed for divorce rather than separate maintenance. The parties also entered into a stipulation relating to custody and support in the event of a divorce. On April 7, 1966, relator was granted a divorce from Harlan on her amended cross-bill and was given the custody of Judith Ann, with right of temporary visitation custody in Harlan, and was awarded $300 per month for the support of said child.

On March 2, 1966, Harlan filed a complaint in the Juvenile Division of the St. Louis County Circuit Court and as a result thereof, by authority of respondent, the juvenile officer of St. Louis County, on the same date, filed a petition in which he alleged that Judith Ann resided in St. Louis County and that she was within the applicable provisions of Section 211.031 [1] in that she "is without proper care, custody and treatment in accordance with a written report contained in the court records." It was further alleged that her welfare required that her custody be immediately assumed by the court. A summons was served on relator and, as stated, her attorneys have questioned the jurisdiction of the court to proceed in the juvenile matter.

As indicated, relator here contends that Judith Ann, upon entry of the divorce decree, became a ward of the circuit court of the City of St. Louis and that said court has continuing exclusive jurisdiction over said child and of the issue as to who is to have her custody. Respondent, on the other hand, here contends that while the divorce court has jurisdiction of matters pertaining to the custody of Judith Ann as relates to custodial controversies between the divorced parties, the juvenile court has jurisdiction under § 211.031 which supersedes and is paramount to the jurisdiction of the divorce court as to matters relating to the care and custody of said minor under the provisions of said § 211.031.

Our task in this case relates to the difficult area of the law concerning child custody. There are at least four separate forums in which child custody may be adjudicated. They are (1) in a divorce proceeding, § 452.070; (2) in habeas corpus proceedings, In re Duncan, Mo.Sup., 365 S.W. 2d 567, 4 A.L.R.3d 1270; (3) in the juvenile division of the circuit court, Chapter 211; and (4) in a guardianship proceeding in the probate court, § 475.120(1). In that situation it is almost inevitable that conflicts of jurisdiction may occasionally develop. In the case before us it is contended that a conflict has developed between the divorce court of the City of St. Louis and the juvenile division of the St. Louis County Circuit Court. Specifically, the question before us is this: After the circuit court in the divorce case has entered a judgment adjudicating the custody of Judith Ann as between the father and mother, does the juvenile division of the circuit court of the county in which she lives have jurisdiction to consider a petition under § 211.031 so that, if Judith Ann is found to come within the provisions of said section, that court would acquire jurisdiction relating to her care and custody which could continue until she becomes 21 years of age? See §§ 211.041 and 211.181. For reasons which will hereinafter appear, we rule that in a case properly coming within the provisions of § 211.031 the jurisdiction of the juvenile court supersedes and is paramount to the incidental jurisdiction which a divorce court

1. All statutory references are to RSMo 1959, V.A.M.S.

may have over the custody of the child of the parties.

■ Section 452.070 provides, in part, as follows: "When a divorce shall be adjudged, the court shall make such order touching * * * the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable * * *." In cases arising under that statute the courts have been almost unanimous in formulating or adopting the general rule that "a minor child of divorced parents becomes the ward of the court which grants the decree; that the court's jurisdiction to determine where custody of the child shall go vests in such court to the exclusion of all others, and continues until the child attains its majority." Salkey v. Salkey, Mo.App., 80 S.W.2d 735, 739. Where special circumstances and extraordinary reasons therefor appear the divorce court may refuse to give the custody to either parent and award it to a third party. McCoy v. Briegel, Mo.App., 305 S.W.2d 29; In re Wakefield, 365 Mo. 415, 283 S.W.2d 467. However, only an original party may file a motion to modify the custodial provisions of the divorce decree. Neustaedter v. Neustaedter, Mo.App., 305 S.W.2d 40 [5]. Also, it is settled that a divorce action abates upon the death of either party and in that event the court's power over the custody of a child completely terminates. In re Wakefield, supra; Schumacher v. Schumacher, Mo.App., 223 S.W. 2d 841 [9]. And, although habeas corpus may be resorted to in order to enforce the custody provisions of a divorce decree, the writ may not, as a general rule, be employed to interfere with the jurisdiction of the divorce court to award custody of minor children. In re Wakefield, supra. The unusual circumstances creating an exception to that rule appear to have existed in the case of In re Duncan, supra.

The various sections of Chapter 211 were enacted in 1957 and are often referred to as the new Juvenile Act. Therein the General Assembly vested the juvenile court with broad powers relating to neglected and delinquent children. Section 211.031 provides:

"Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:

"(1) Involving any child who may be within the county who is alleged to be in need of care and treatment because:

"(a) The parents or other persons legally responsible for the care and support of the child neglect or refuse to provide proper support, education which is required by law, medical, surgical or other care necessary for his well-being; except that reliance by a parent, guardian or custodian upon remedial treatment other than medical or surgical treatment for a child shall not be construed as neglect when the treatment is recognized or permitted under the laws of this state; or

"(b) The child is otherwise without proper care, custody or support; or

"(c) The behavior, environment or associations of the child are injurious to his welfare or to the welfare of others; or

"(d) The child is alleged to have violated a state law or municipal ordinance;

"(2) Concerning any minor seventeen years of age or older who may be within the county, and who is alleged to have violated a state law or municipal ordinance prior to having become seventeen' years of age;

"(3) For the suspension or revocation of a state or local license or authority of a child to operate a motor vehicle;

"(4) For the adoption of a person;

"(5) For the commitment of a child to the guardianship of the department of public health and welfare as provided by law."

While we will not attempt to review all of the provisions of the chapter, it will perhaps be helpful to point out that once jurisdiction is acquired it may be retained until the child becomes 21 years of age, § 211.041; that under § 211.181 the court, upon a finding that the child comes within § 211.031, has almost unlimited powers relating to the care, custody, physical and mental examination and treatment of the child. See also § 211.161. And the court may modify its decree at any time, § 211.151. Section 211.351 provides for the appointment of a juvenile officer who shall assist the judge in performing his duties and exercising the powers of the juvenile court. See § 211.041. Under §§ 211.440 to 211.511, inclusive, the court is given the power to terminate all rights of either parent to a child. Various sections of Chapter 211 also give the juvenile court extensive powers in regard to the care and custody of children found to be delinquent.

■■ We are convinced that the general assembly, in enacting the new juvenile act of 1957 and certain predecessor laws of a similar nature, recognized that other laws and procedures relating to the care and custody of children were not entirely sufficient and therefore intended that the juvenile court be given paramount jurisdiction over other courts in matters relating to the care and custody of children coming within the provisions of Chapter 211. The most obvious deficiency in the divorce court custody procedure is demonstrated by the case where one parent deserts the family and the other party is granted a divorce, often uncontested, and obtains the custody of the children without more than a perfunctory determination of the fitness of said parent to rear them. Thereafter, if it develops that the children are neglected and being reared under immoral or other improper conditions indicating the depravity of their custodian, there is no one (except the disinterested defendant) who can file a motion for a change in the custody. Also, we have already pointed out that the divorce court loses all jurisdiction upon the death of either party. And it is elementary that that court would not have the power to make a proper disposition of a child who had committed a crime or was otherwise delinquent.

■ We consider it unnecessary to extend this opinion by pointing out the many other situations in which the juvenile court may order more complete and appropriate relief in relation to the care, custody, and treatment of children. It should also be noted that a petition invoking § 211.031 can only be filed by the juvenile officer; and the proceeding is predominantly an inquiry by the State rather than a contest between the vindictive parents seeking a divorce decree granting custody or a modification thereof. In that situation we find it difficult to attribute to the legislature an intent to withhold from the juvenile court any jurisdiction to deal with neglected childern whose custody had been adjudicated by a divorce court. Our view is not changed by the declaration contained in § 211.051 that "[n]othing contained in sections 211.011 to 211.431 deprives other courts of the right to determine the legal custody of children upon writs of *habeas corpus* or to determine the legal custody or guardianship of children when the legal custody or guardianship is incidental to the determination of causes pending in other courts. Such questions, however, may be certified by another court to the juvenile court for hearing, determination or recommendation." We think that section was enacted to make it clear that other courts could continue to determine custody as in the past, but we find nothing to indicate an intent to give those courts jurisdiction to the exclusion of the juvenile court to be exercised in a proper case.

Particularly in view of the enactment of the new juvenile act of 1957, we have considered it desirable to review in some detail the question presented. However, we hasten to point out that we are not formulating any new rule in this state.

More than forty years ago this court approved (at least tacitly) a ruling by the Kansas City Court of Appeals, in a case factually similar to the one before us, wherein that court said: " 'The continuing jurisdiction of a court which has granted a divorce to supervise the custody of minor children of the parties cannot be interfered with by another court which except for such retained jurisdiction would have authority under a writ of habeas corpus to make the same inquiry and grant the same relief. In re Pettit, 84 Kan. 637, 114 P. 1071. The juvenile court, however, stands upon a very different footing. It is specifically given jurisdiction "of all cases concerning dependent, neglected and delinquent children." Gen.Stat.1915, § 3065. The conditions under which it may take control of a child and the manner in which it may exercise it are quite different from those existing in the case of any other tribunal.' We think, then, that the jurisdiction of the juvenile court is paramount and not concurrent with the incidental jurisdiction which a divorce court may have in the premises. * * *" State ex rel. Dew, Judge v. Trimble, 306 Mo. 657, 269 S.W. 617, 620. A similar view was indicated in Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323 [4], State ex rel. Burtrum v. Smith, 357 Mo. 134, 206 S.W.2d 558 [4], and In re Von Talge, Mo.App., 67 S.W.2d 999. In State v. Farrell, 241 Mo.App. 234, 237 S.W.2d 492, there was no discussion of the rule of law involved but the court did affirm a judgment in which the juvenile court made a custody disposition which was contrary to that previously made in a divorce decree. See also, Law in Area of Child Custody, 27 Mo. Law Review 406; Annotations 11 A.L.R. 147 and 78 A.L.R. 317. After reviewing the question in the light of the new Act, we deem it appropriate to adhere to the rule stated in the Trimble case, supra. We think the rule heretofore quoted which states that the court in divorce cases has jurisdiction to determine custody of the child "to the exclusion of all others" is a very general rule which was formulated without consideration of the jurisdiction of juvenile courts.

We have mentioned previously that a petition invoking § 211.031 may be filed only by the juvenile officer. Upon the filing of a complaint with the juvenile court, it is provided by § 211.081 that the juvenile court shall make or cause to be made a preliminary inquiry to determine the facts and whether the interests of the public or the child require action under § 211.031. Authorization to the juvenile officer to file a petition is permissible only when the juvenile court, in its discretion, determines that such preliminary inquiry so dictates. It perhaps is unnecessary to suggest that juvenile courts should not authorize the filing of a petition by the juvenile officer in cases where it appears that one of the parents is merely endeavoring to obtain a second trial of the issue of custody as between the parents when that question has been determined previously by a divorce court.

For the reasons stated, the preliminary rule in prohibition should be discharged. It is so ordered.

All concur except HENLEY, J., who dissents in separate dissenting opinion filed.

HENLEY, Judge (dissenting).

I respectfully dissent.

The record discloses that the proceeding in the juvenile court of St. Louis county was instituted by the filing of a complaint by the father while a divorce suit between the parents was pending in the circuit court of the City of St. Louis. It was after the divorce court had awarded custody of the child to the mother, and while the divorce suit was pending on motion for new trial, that the father complained to the juvenile court that the child was without proper care and treatment in its mother's custody, thereby causing the juvenile court to invoke its jurisdiction.

Thereafter, and while the juvenile proceeding was pending, the divorce court sustained the motion for new trial, heard evidence in that suit, awarded the mother a divorce, and again awarded her custody of the child.

I am not unmindful of the record fact that the parents stipulated in the divorce suit that custody of the child be awarded the mother if the court granted a divorce. On the contrary, I consider this a significant indication that the father has attempted to play fast and loose with the courts, with the child as a pawn. If the father were truly sincere in his complaint that the child was without proper care and treatment in the custody of the mother, he had the opportunity to, and should have, presented evidence of those facts to the divorce court. Instead, he continues to insist, through respondent, that the issue of custody be relitigated. At least on the surface it appears that it is the father who continues to insist; he initiated the proceeding and the usual procedure is for attorneys representing a person in the father's position here to represent the respondent in prohibition. There is no reason to believe this case is any different in that respect from the usual prohibition case, so far as this record shows. It would be most unusual for a respondent judge to employ counsel and hardly conceivable that the respondent would employ counsel on his own to encourage the continuance of litigation. To me the father's continued insistence smacks of piquant harassment of the mother to the possible detriment of the child, an improper use of jurisdiction of the juvenile court neither we nor that court should countenance.

Respondent contends that the principal parties in a juvenile proceeding are the state and the child; that the filing of a complaint in juvenile court by one parent does not "reduce the juvenile case to a controversy between spouses which should be relegated to the divorce court." I agree that the state and child are the formal parties, but cannot ignore these facts: this proceeding was initiated by the father after the custody was awarded the mother; it is opposed by the mother whose motion to dismiss for lack of jurisdiction was overruled, as a result of which she sought our writ of prohibition; the petition for the writ is being vigorously opposed by someone in opposition to the mother's present right of custody so as to maintain, for some purpose, jurisdiction assumed by the juvenile court. These facts point toward the father as the real party in interest, not the state of Missouri, and a child custody fight between parents as the purpose.

The main allegation of the petition in juvenile court is that the child is without proper care, custody and treatment and cannot receive in her home such care, guidance and control as will conduce to her welfare and the best interests of the state. There are no allegations (1) that she " * * * is otherwise without proper care, custody or support * * *," section 211.031, subsection 1(b); or, (2) that her " * * * behavior * * * or associations * * * are injurious to * * * [her] welfare or * * * the welfare of others," subsection 1(c); or (3) that she has violated a law, subsection 1(d). If this petition in juvenile court involved more than an effort by the father to relitigate with the mother the custody issue; if it involved an utter abandonment of the child or circumstances described in subsections 1(c) and (d), and possibly subsection 1(b) (as I understand that subsection) or parts of subsection 1(a), I could concur in the result reached by the majority. But, as I see it, it is a proceeding instituted and vigorously prosecuted by a father who has had his day in court.

The majority opinion expresses the caveat that juvenile courts should not permit their jurisdiction to be invoked when it appears that one of the parents is endeavoring to relitigate the custody issue with the other parent, where that question has been determined by a divorce court. What the majority opinion suggests should not be

permitted is, to me, exactly what the record shows respondent has done. In other words, I respectfully conclude that the court has in deciding this case put its stamp of approval on that which it says juvenile courts should not authorize.

Under the facts and circumstances of this record, I would hold that the divorce court had and retains exclusive jurisdiction of the custody issue, as between the parents; that the juvenile court acted in excess of its jurisdiction. It follows that I would order our preliminary rule in prohibition made absolute.