In the Interest of L. B., a Child.

In the Interest of J. B., a Child.

R. M. B., Natural Mother, Appellant,

v.

Ralph L. SMITH, Juvenile Officer of the St. Louis County Juvenile Court, Respondent,

L. B., Natural Father, Respondent.

Nos. 34122, 34123.

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Shaw & Howlett, Robert L. Officer, Keith W. Hazelwood, Charles M. Shaw, Clayton, for appellant.

Corinne R. Goodman, St. Louis County Juvenile Court, Rosenblum & Goldenhersh, Merle L. Silverstein, Clayton, for respondents.

SMITH, Judge.

Appellant, the natural mother of two boys, appeals from orders of the Juvenile Court permitting St. Louis County Welfare Office, the legal custodian of the children, to place their physical custody with the father subject to supervision of the agency. We affirm.

In February, 1969, the two boys, then four and three, were living with their

mother, separated but not then divorced from the father. The father took them to his home following an altercation and shortly thereafter the Juvenile Officer filed petitions alleging the children were within the jurisdiction of the Juvenile Court. The specific ground alleged for such jurisdiction was that the children were "without proper care, custody and treatment". The Juvenile Court issued its emergency order authorizing the Juvenile Officer to take the children into custody and provide for temporary legal and physical custody in St. Louis County Welfare Services pending disposition.

Hearing was had March 18, 1969 with both parents, their attorneys, the guardian ad litem, relatives and friends, and juvenile court personnel present. The court entered its orders placing custody in St. Louis County Child Welfare Services for family foster home care. The orders each contain the following: "The parties, for themselves and through their attorney, agreed that the Court has jurisdiction and should take jurisdiction over the child by reason of the allegations contained in the Petition."

On January 12, 1971, a hearing was held to consider modification of prior court orders regarding custody. Both parents were at the hearing with counsel and presented evidence. The evidence of each was intended to establish that he or she should have the legal custody.[1] The court, after this hearing, continued the legal custody in the St. Louis County Welfare Office but granted that custodian the authority to place the physical custody in the father subject to supervision. The mother was given certain visitation rights.

■ Appellant's attack on the order is generally misdirected. She contends there was no showing of "change of circumstance," or "necessity." Change of circumstances is the test in change of custody in divorce cases. It has no application to ju-

venile court proceedings which are directed to the present welfare of the child without regard to prior decrees. State ex rel Dubinsky v. Weinstein, Mo., 413 S.W.2d 178. Appellant's cited authority that "necessity" for the change must be shown is also a divorce decree case. Davis v. Davis, Mo. App., 254 S.W.2d 270. Here the court exercised its jurisdiction and placed the children in foster home care. There they remained for some two years. Upon the evidence before it at the hearing the court concluded that the best interests of the children warranted placing the children physically in the custody of the father, but under the continued supervision of the welfare agency. This was in keeping with the expressed intent of the Juvenile Code that ". . . each child coming within the jurisdiction of the juvenile court shall receive such care, guidance and control, *preferably in his own home,* as will conduce to the child's welfare and the best interests of the state. . . . " Section 211.011 RSMo 1969, V.A.M.S. (Emphasis supplied).

■ Appellant's change of circumstances and necessity arguments as well as an improperly preserved contention that § 211.031 is unconstitutionally vague are in reality directed to the original action of the court in exercising jurisdiction and placing the children in foster home care. Appellant agreed that the court had jurisdiction and should exercise it on the basis of the allegations in the petition. Appellant did not appeal from the original order as required by § 211.261, RSMo 1969, V.A.M.S., In re In the Interest of T. G., Mo.App., 455 S.W.2d 3. We need *not further consider* these contentions.

■ Appellant's only other point is that there was a lack of proof concerning the home environment to be provided by the father. There was extensive testimony by the father, by caseworkers and by a minister concerning the father's home and the environment into which the children would

1. At the time of this hearing the parents were divorced, but the record is silent concerning any custody award in the divorce action.

placed. The order of the court was fully supported by competent and substantial evidence.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by SMITH, J., a Commissioner when the case was submitted to the Court, is adopted as the opinion of this Court. Accordingly, judgment affirmed.

BRADY, C. J., DOWD, J., and VERNON W. MEYER, Special Judge, concur.